Boyd *v*. Schott.

---

## BOYD ET AL. *v*. SCHOTT ET AL.

[No. 18,236.    Filed February 3, 1899.]

JUDGMENT. — *Nunc Pro Tunc Entry*.— The oral announcement .in open court to the counsel of both parties that the court rendered and would cause to be entered a judgment for the plaintiff is not a sufficient basis for the entry of a judgment *nunc pro tunc. p. 163.*

PRACTICE.—*Nunc Pro Tunc Entry.—Parol Evidence.*—It is only in connection with some written minute or memorandum of the court's action, that parol evidence is admissible in support of a motion for a *nunc pro tunc* entry.   *p. 164.*

APPEAL AND ERROR.—*New Trial as of Right.—Granting of Before Final Judgment.*—It is error to grant a new trial as of right before final judgment is entered.   *p. 164.*

SAME.—*Granting New Trial as of Right.—Waiver.*—Where a new trial as of right is erroneously granted, a party who has duly excepted to such ruling of the court does not waive his exception by following the case through a subsequent trial.   *p. 165.*

From the Wells Circuit Court.    *Reversed.*

*J. S. Dailey, Abram Simmons* and *F. C. Dailey,* for .appellants.

*A. N. Martin* and *W. H. Eichhorn,* for appellees.

DOWLING, J.—Appellants, claiming to be the owners of the petroleum, gas, and oil in and under certain lands in Wells county, and of certain oil wells on these lands, together with the exclusive right to drill for petroleum, gas, and oil, and to lay pipes to carry the same, brought this action

to determine their said rights, and to quiet their title. Issues were formed upon the pleadings, and at the February term, 1896, of the Wells Circuit Court, the case was tried by a jury. At the request of the parties, a special verdict was returned. The appellants and the appellees, respectively, moved for judgment on the verdict. The court overruled the motion of appellees, and sustained that of appellants, and proper bench, docket, and order-book entries were made of such rulings. At that time, however, no judgment was entered of record by the clerk, and no minute or memorandum was made directing the entry of any such judgment, or announcing that a judgment was given by the court in favor of the appellants upon the special· verdict, nor was there any written minute or evidence of the intention or desire of the court to render, or have entered, a judgment on said verdict, further than the minute and entry of the filing of said two motions, and the rulings in sustaining one of said motions, and overruling the other. At the same term of the court, appellees filed a motion and a bond for a new trial as of right, which motion was sustained over the objection and exception of the appellants, who afterwards obtained a bill of exceptions covering said ruling. At the September term, 1896, of said court, a second trial of said cause was had, resulting in a special verdict, followed by motions for judgment in favor of the parties respectively, and the rendition of judgment in favor of the appellees. At said latter term, the court, of its own motion, entered *nunc pro tunc* a judgment in favor of the appellants upon said first verdict, and as of the term at which said new trial as of right was granted to the appellees. On the day of the last named entry, and upon the motion of the appellees, the court altered and changed the bill of exceptions theretofore granted· to the appellants upon the awarding of appellees' motion for a new trial as of right, so that instead of showing the failure and refusal of the court to render judgment in favor of appellants it was made to appear that, upon the overruling of appellees' motion for judg-

ment upon said verdict, the court "rendered judgment upon the special verdict for the plaintiffs, and then and there audibly announced in open court to the counsel of both parties that the court then and there rendered, and would cause to be entered, a judgment upon said special verdict in favor of the plaintiffs, and was proceeding to make and making his minute upon the court docket, showing a judgment to be entered by the clerk of this court in favor of the plaintiffs upon said special verdict, when, upon the request of defendants' counsel, the formal entry of such judgment upon the minutes of the court docket was not fully completed by the court, in order to enable defendants' counsel to procure their clients to execute a bond for the purpose of securing a new trial as of right; and it being then and there understood by the counsel of both parties that the court had announced in open court that judgment was awarded to the plaintiffs, but its entry by the clerk temporarily suspended."

The most that can be said of the facts supporting the court's action in entering *nunc pro tunc* the judgment upon the first verdict is that an oral announcement was made by the court of its decision in favor of the appellants; that a minute would have been made of such decision, from which an entry of judgment would have been made by the clerk, but for the request of appellees' counsel to withhold such minute; and that, therefore, the action was taken alone from the memory of the oral announcement, without memorandum, and with purposed omission of memorandum. There can be no doubt that, for some purposes, the oral announcement of the court's conclusion or decision would be conclusive; as, for instance, to prevent a dismissal by the plaintiff. But as constituting a judgment which would preclude strangers, or supply the basis for its entry *nunc pro tunc*, there is serious doubt. It is the general rule that some memorandum must exist as written evidence of the action of. the court to be entered. *Makepeace* v. *Lukens*, 27 Ind. 435; *Hamilton* v. *Burch*, 28 Ind. 233; *Uland* v. *Carter*, 34 Ind. 344;

*Schoonover* v. *Reed,* 65 Ind. 313; *Williams* v. *Henderson,* 90 Ind. 577; *Kelley* v. *Adams,* 120 Ind. 340. A collection of decisions to this effect will be found in 12 Am. and Eng. Enc. of Law, p. 81. There having been no such evidence, the action of the court was not authorized. We do not, of course, disregard the rule that parol evidence is admissible upon such motions for a *nunc pro tunc* entry, but, as held in *Schoonover* v. *Reed, supra,* and other cases, it is admissible in connection with some minute of the court's action. Nor do we doubt that, at the time the *nunc pro tunc* entry was made, the judgment might have been ordered and entered for the first time. When it not only appears that no memorandum was made, but that it was purposely withheld at the instance of the party to be benefited by the proceeding, there was no authority to make the *nunc pro tunc* entry. While we do not pass upon the action of the court in changing the bill of exceptions to correspond with the entry of the judgment *nunc pro tunc,* the bill, made when the transaction was comparatively recent, was far better evidence of the action of the court at the time, than the memory of the witnesses at a much later period. Not only so, but the change was in direct contradiction of the original bill. More than this, the excuse stated for the failure to render the judgment on the special verdict on the 7th Saturday of the February term, 1896, is that the entry was temporarily suspended, "to enable defendants' counsel to procure their clients to execute a bond for the purpose of securing a new trial as of right;" and yet the record shows that such bond was filed, and was approved by the judge, March 21, 1896.

There having been no judgment at the time of granting to the appellees a new trial as of right, the appellants insist that such ruling was erroneous; and to that effect are the decisions. *Whitlock* v. *Vancleave,* 39 Ind. 511; *Hutchinson* v. *Lemcke,* 107 Ind. 121; *Stanley* v. *Dailey,* 112 Ind. 489; *Personette* v. *Cronkhite,* 140 Ind. 586.

The statute authorizing new trials as a matter of right (section 1076 Burns 1894, section 1064 Horner 1897) provides that "The.court rendering the judgment, on application made within one year thereafter by the party against whom judgment is rendered,    *    *    *    and on the applicant giving an undertaking,    *    *    *    shall vacate the judgment and grant a new trial." The cases cited have been decided—and correctly, we think—upon the theory that this statute gives the right only after judgment, for the reason that many steps may intervene before the rendition of the judgment to obviate the granting of a motion therefor.

Appellees' learned counsel insist that, by proceeding with the second trial, appellants waived the error of the court in granting the new trial. The cases cited in support of this proposition differ from this case in the fact that here the appellants reserved the question of the court's action, and the alteration of the bill of exceptions did not deprive them of their exception, but continued it in their favor. It cannot be said, where a new trial as of right is erroneously granted, that the adverse party, to take advantage of the error must not follow up the new trial, but must abandon further steps until the appeal. If this is correct, the same rule would apply to defeat most of the erroneous rulings of trial courts.

Appellees have assigned as cross-errors the rulings of the court on the demurrers to the several paragraphs of the complaint, and on the motions of appellants and appellees, respectively, for judgment on the first special verdict. The allegations of each paragraph of the complaint show that appellants have a valid, subsisting interest in the real estate described, and that the appellees either claim title to the property adversely to them, or wrongfully hold possession thereof. Under the statute, this is sufficient. The special verdict finds every fact necessary to entitle the plaintiffs to recover, and fully justifies the action of the court in sustaining appellants' motion for judgment, and in overruling the motion of appellees.

The judgment is reversed, with instructions to proceed upon the first special verdict, and in disregard of the last trial.