## GARRETT v. BISSELL CHILLED PLOW WORKS.

[No. 18,750.    Filed March 9, 1900.]

LIBEL.—*Complaint.— Innuendo.* —It is the office of the innuendo to explain, not to extend or enlarge, the meaning of the words used, and if words not libelous *per se* are charged, the absence of inducement showing by extrinsic matter that the words are actionable is not supplied by an innuendo attributing to the words a meaning which renders them actionable. *p. 320.*

PRACTICE.—*Harmless Error.*—Available error cannot be predicated upon the action of the court in sustaining a demurrer which was defective in form, where the complaint to which it was addressed was insufficient for want of facts. *p. 321.*

From the St. Joseph Circuit Court.    *Affirmed.*

*George G. Feldman,* for appellant.

*A. Anderson, J. Du Shane* and *W. G. Crabill,* for appellee.

MONKS, J.—This appeal is from a judgment in favor of appellee on demurrer to appellant's complaint for libel.

The complaint was in two paragraphs, which were substantially the same, and predicated upon the following letter: "Office of Bissell Chilled Plow Works, South Bend, Ind., May 15, 1897. Mr. M. J. Bufanger, Granger, Ind. Dear Sir: The plow that Mr. Garrett used is ours, and if you will deliver it to E. F. Rhoades he will try and sell it for us, or if you can sell it for $30 we will give you $5 for selling it. If you will send us a draft for $25 you may have the plow. Truly yours, Bissell Chilled Plow Works, E. C. Westervelt, Pres. & Treas."

It is admitted by appellant in his brief that the letter is not libelous *per se.* The part upon which he predicated his right to recover reads as follows: "The plow that Mr. Garrett used is ours." Unless the extraneous matter set forth by way of inducement makes the letter libelous, the court did not err in sustaining the demurrer to the complaint.

It is alleged in the first paragraph of complaint, by way of inducement, that appellant is, and has been for many years, a resident of St. Joseph county, Indiana, and has had and still has control of a farm in said county, which was farmed by himself and his tenants; that for some time prior to the delivery of said letter to said Bufanger, he had owned a riding plow which he had used on his farm, and which he had sold for $45 to said Bufanger, to whom he had rented said farm. From these allegations, considered in connection with the statement in said letter,—"the plow that Mr. Garrett used is ours",—the inference drawn by appellant, and alleged in said first paragraph of complaint, was that appellee thereby charged that appellant was guilty of the crime of embezzlement, had feloniously appropriated and converted property of appellee to his own use, was guilty of obtaining money and property under false pretenses, and by false representations, and of feloniously, wrongfully, and unlawfully disposing of defendant's property.

It is the office of the innuendo to explain, not to extend or enlarge, the meaning of the words. An innuendo cannot aver a fact or change the ordinary meaning of language. If words not libelous *per se* are charged, the absence of inducement showing by extrinsic matter that said words are actionable is not supplied by an innuendo attributing to those words a meaning which renders them actionable. *Hays* v. *Mitchell*, 7 Blackf. 117; *Stucker* v. *Davis*, 8 Blackf. 414; *Harper* v. *Delp*, 3 Ind. 225, 231, 232, and cases cited; *Ward* v. *Colyhan*, 30 Ind. 395; *Hart* v. *Coy*, 40 Ind. 553; *Rock* v. *McClarnon*, 95 Ind. 415; *Seller* v. *Jenkins*, 97 Ind. 430; Townshend· on Sl. and Lib., §§335, 336; 13 Am. & Eng. Ency. of Law, 465, 466; 13 Ency. Pl. & Pr. 51, 52, 53, 54. Words are to be understood in their plain and natural import, according to the idea they are calculated to convey to those to whom they are addressed. In ascertaining the meaning, reference must be had to the words used and the circumstances under which they were uttered, and

the author is presumed to have used them in the sense which their use is calculated to convey to the minds of the hearers. *Seller* v. *Jenkins,* 97 Ind. 430; Townshend on Sl. & Lib., §§133, 137. While a written publication may be libelous, and the same words, if spoken, would not be slanderous, yet the rule for the construction of the language used, whether written or oral, is the same. Townshend on Sl. & Lib., §133.

The construction to be put upon the part claimed to be libelous, when construed in connection with the extrinsic facts alleged, must be that which is consistent with the entire letter. When viewed in this light, in connection with the extrinsic facts alleged, the letter will not reasonably bear the meaning attributed to it by the innuendo; the letter contains no insinuation of fraud, criminal intent, or moral turpitude on the part of appellant. The letter was about a plow which appellee claimed to own, and not concerning appellant, and his name was only used to identify the plow. Whether or not extrinsic facts might be alleged which would make said letter libelous, we are not required to determine.

Appellant insists that the court erred in sustaining appellee's demurrer to the second paragraph of complaint, for the reason that said demurrer was so defective in form as to present no question for decision. The demurrer was as follows: "Defendant demurs to the second paragraph of said amended complaint for the reason that the facts therein stated do not constitute a ground of defense." While such a demurrer is not proper in form, and it would not have been error if the court had overruled the same, yet, as said paragraph of complaint was insufficient for want of facts, the error of the court in sustaining the demurrer thereto was harmless. *Davis* v. *Green,* 57 Ind. 493; *Hadley* v. *State,* 66 Ind. 271; *Palmer* v. *Hayes,* 112 Ind. 289; *Wayne Pike Co.* v. *Hammons,* 129 Ind. 368, 378; *Goldsmith* v. *Chipps, ante,* 28; Ewbank's Manual, §§354, 358; Elliott's App. Proc. §637 p. 563.

Judgment affirmed.