## IN THE MATTER OF GREEN, ETC. *v.* STATE OF INDIANA

[No. 18,327.   Filed November 20, 1952.]

*Charles Davis,* of Mishawaka, for appellant.

*J. Emmett McManamon,* Attorney General of Indiana, *John Ready O'Connor* and *William T. McClain,* Deputy Attorneys General, for appellee.

CRUMPACKER, J.—Some time in early September, 1951, one Gordon E. Weist, a probation officer in the service of the St. Joseph Probate Court, filed a petition in said court wherein the appellant Lowell Green, a boy then under the age of 18 years, was charged with being a juvenile delinquent as defined by Burns' Stat., §9-3204. A few days later, on September 13, 1951, the court entered the following judgment:

> "Hearing on petition and social investigation and report made by the Probation Department. Present his father, and Mr. Weist and Mr. Parks of the Probation Department. Finding that the boy is delinquent, and that the allegations of the report are true.
>
> "And the court now orders that he be made a ward of this court, and he is ordered committed to the trustees of the Indiana Boys School until he becomes 21 years old, or until sooner released from said institution."

On January 8, 1952, the appellant, by next friend, filed in said court what he calls a petition for a writ of error *coram nobis* and delivered a copy of the same to the prosecuting attorney of St. Joseph County who two weeks later appeared and filed a demurrer thereto. In the meantime, on January 21, 1952, the court, on its own motion, entered the following judgment *as of* September 13, 1951:

> "It having been called to the attention of the court that the entry of September 13, 1951, erroneously failed to show that the above named boy was present at the hearing and that he, at that time, admitted the allegations of the petition and report, the court now at this time enters the following order, *nunc pro tunc,* as of said date:

"Gordon E. Weist, Chief Probation Officer, files affidavit and petition alleging that the above named boy is under 18 years of age, that he was born June 23, 1935, and that he is delinquent in this, to-wit: Immoral conduct.

"Hearing on petition and social investigation and report made by the Probation Department. Present, the above named boy and his father; also Mr. Weist, and Mr. Parks, of the Probation Department. Finding that the boy is delinquent, and that the allegations of the report and petition are true, and the boy so admits the same. The court now orders that said boy be made a ward of this court, and that he be and hereby is ordered committed to the Trustees of the Indiana Boys School until he becomes 21 years of age, or until sooner released from said institution."

The court later notified the appellant of the action it had so taken *nunc pro tunc* and he thereupon moved the court to vacate such order for the reason that it was made in his absence and without notice; that it is not supported by any memoranda, minutes or memorial of any character and was not made during the term in which the court rendered its original judgment on September 13, 1951. The court overruled this motion and sustained the appellee's demurrer to the so-called petition for a writ of error *coram nobis*. The appellant refused to plead further, judgment went accordingly and in this appeal he challenges the legality of the two rulings above mentioned.

Courts have inherent power to make their records speak the truth, *Knowlton* v. *Dolan* (1898), 151 Ind. 79, 51 N. E. 97; *Boonville Nat. Bank* v. *Blakey* (1906), 166 Ind. 427, 76 N. E. 529, and may do so through the office of a *nunc pro tunc* entry. *Boyd* v. *Schott* (1899), 152 Ind. 161, 52 N. E. 752; *Holcomb* v. *Norman* (1909), 43 Ind. App. 506, 87 N. E. 1057. As has been said: "A court may record a fact

*nunc pro tunc,* that is, if the fact existed then it may be recorded now; but it cannot record a fact now which did not exist then." *Kirby* v. *Bowland* (1879), 69 Ind. 290, 293.

With these rules in mind we have examined the *nunc pro tunc* entry involved here. We find that it in no way changes the judgment the court actually rendered on September 13, 1951, but merely records the fact that the appellant was present at the hearing on September 13, 1951, and admitted that the charges against him were true. This is a recital of facts which the court says existed on September 13, 1951, but which it failed to record then. This being true it had the right to record such facts *nunc pro tunc* on January 21, 1952. But even so, the appellant contends that the court acted without notice to him and with no memoranda or memorial evidencing the omissions supplied by the *nunc pro tunc* entry and therefore the court was powerless to make the same after the expiration of the term during which the original judgment was rendered. As a general rule it may be said that the interested parties are entitled to notice of a proposed *nunc pro tunc* entry and such action cannot be taken upon parol evidence alone. Except where the reason for the rule fails (see *Indianapolis Life Ins. Co.* v. *Lundquist* (1944), 222 Ind. 359, 53 N. E. 2d 338), after the expiration of the term in which a judgment is rendered the record can be supplemented *nunc pro tunc* only upon notice and when there is some minute of the transaction or some memorandum or paper in the case from which it can be clearly determined what actually took place in the prior proceedings. *Cook* v. *State* (1941), 219 Ind. 234, 37 N. E. 2d 63; *In re McNames* (1936), 210 Ind. 1, 200 N. E. 2d 702. However the burden of proof is upon him who attacks the

order, and the record in the present case is void of a bill of exceptions containing the evidence on which the court acted and we must presume that its proceeding in that respect is correct. *The Salem-Bedford Stone Company* v. *O'Brien* (1898), 150 Ind. 656, 49 N; E. 457; *Terre Haute Brew. Co.* v. *Ward* (1914), 56 Ind. App. 155, 102 N. E. 395, 105 N. E. 58.

The appellants so-called petition for a writ of error *coram nobis* alleges in substance that a few days prior to September 13, 1951, a representative of the Probation Department of the St. Joseph Probate Court requested the appellant's father to bring him to the office of said department at 3:30 o'clock in the afternoon of that day. That neither the appellant nor his father was informed of the reason for such request but they nevertheless complied therewith and were thereupon conducted into the chambers of the judge of said court who immediately requested the appellant to leave the room. Upon his doing so, without any information as to why he was there or of the fact that charges had been filed against him and their nature, the judge informed the appellant's father that he was going to send the appellant to the "Boys School and straighten him up." That he was granted no hearing whatever on the charges that had been brought against him; no witnesses were produced nor heard, nor was the prosecuting attorney present or represented. The proceedings were conducted solely by the judge who based his decision to send the appellant to the "Boys School and straighten him up" on hearsay information contained in an ex parte report furnished by his probation officer. That such report was not produced in evidence and the appellant was not advised of its contents nor afforded any opportunity to defend himself against any derogatory matter therein con-

tained. That the entire proceedings were conducted in his absence and he was deprived of his liberty without being confronted by a single witness and without benefit of cross-examining those who had furnished information contained in such ex parte report or denying such accusations by his own testimony.

The appellant contends that the demurrer to this petition was improperly sustained because it states no statutory grounds for a demurrer and because the statute expressly provides that no demurrer shall be sustained for any cause not enumerated therein. Burns' Stat., §2-1007. The appellee concedes this but insists that the sustaining of a defective demurrer to a bad pleading is not available error. *Blue* v. *Capital National Bank* (1896), 145 Ind. 518, 43 N. E. 655; *Garrett* v. *Bissell, etc. Works* (1900), 154 Ind. 319, 56 N. E. 667. We need not concern ourselves with the sufficiency of the petition to justify a writ of error *coram nobis*. If its allegations of fact are true, as the demurrer admits them to be, it constitutes a valid and direct attack on the judgment as amended by the *nunc pro tunc* entry of January 21, 1952. The petition reveals a star chamber proceeding whereby a boy was torn from the custody of his parents and deprived of his liberty without a semblance of due process and by reason of a judgment that was not merely erroneous but absolutely void. We realize the Juvenile Court Act of 1945 permits courts to conduct hearings for the purpose of determining juvenile delinquency in an informal manner and, to the end that the interests of the juvenile and of society generally shall be protected, the provisions of the act should be liberally construed without undue regard for the technicalities of the law that sometimes serve to protect those accused of crime. Nevertheless the act does not, nor could it within con-

stitutional limitations, sanction the action of a court in finding a juvenile guilty of a wrong against the state in disregard of his rights to a hearing in which he is apprised of the charges against him and the evidence in support thereof and afforded an opportunity to defend himself. It is true that it has not been established that the present proceedings were of such a nature but we regret to say that the record before us lends verisimilitude to the appellant's contention.

In our opinion the appellant's petition successfully impeaches the judgment by virtue of which he is now confined in the Indiana Boys School. Whether such impeachment can be sustained does not concern us at the moment. He is entitled to have the issue tried.

Judgment reversed with instructions to overrule the State's demurrer to the appellant's petition and for further proceedings consistent with the views expressed herein.

NOTE.—Reported in 108 N. E. 2d 647.