IN THE MATTER OF ESTATE OF GORDON, DECEASED

[No. 18,297.  Filed November 20, 1952.  Rehearing
denied January 30, 1953.]

234

*Grafton L. Kivett,* of Martinsville, and *Alvin C. Johnson,* of Indianapolis, for appellant.

*Spidel, Staley & Hole,* of Greenville, Ohio, *Charles H. Foley,* of Martinsville and *Bowen, Mendenhall & Hunter,* of Winchester, for appellee.

CRUMPACKER, J.—Mary Gordon, late of Martinsville, Morgan County, Indiana, died on April 29, 1951, seized of property in said county. On May 7, 1951, the appellee, William H. Glunt, appeared in an open session of the Morgan Circuit Court and offered for probate what purports to be the last will and testament of said decedent. In connection therewith he produced an affidavit in proof of its due execution, verified before the clerk of said court by Doris M. Neff, a subscribing witness. Thereupon the appellant, Helen Gordon McDonald, a daughter and sole heir at law of the decedent, appeared by counsel and orally objected to the probate of said will, and asked for time in which to file written objections thereto. The appellee, who is named in said will as the executor thereof, objected to such request and insisted that said will be admitted to probate forthwith. The court entered no order on that date, either admitting said will to probate or granting the appellant time for filing written objections to its probate, but nevertheless she filed such objections, duly

verified, on May 9, 1951, and the court subsequently assigned a date upon which they were to be heard.

On May 10, 1951, the appellant filed an application for the appointment of a special administrator for her mother's estate in which she represented to the court that there was no one in, authority to take charge of its affairs and that, by reason of the character of some of its assets, damage and loss thereto would result unless such action were taken without delay. On May 25, 1951, she filed a formal complaint to deny probate of the alleged will in the clerk's office of the Morgan Circuit Court and summons was issued to all interested parties.

The court heard the appellant's application for the appointment of a special administrator on July 6, 1951, at which time the appellee appeared and filed a written motion in which he asked the court "to make an entry of the probate of said will *as of* May 7, 1951," and appoint him as the executor thereof. In connection therewith he tendered his oath and bond. This motion rests upon the assertion that Mary Gordon's will was duly proven on May 7, 1951, but "no entry of probate thereof was made by this court and at the time of the proof and probate thereof there was no pleading, paper or objections of any character on file either in the office of the clerk of this court or with the judge thereof." The motion was overruled and after hearing evidence on the propriety of appointing a special administrator the court concluded it should do so and duly designated the Peoples Loan & Trust Company of Winchester to so act.

Three months later, on October 18, 1951, the court finally ruled on the appellee's motion for time in which to file written objections to the probate of the will in

controversy, denied the same and entered an order admitting said will to probate *as of* May 7, 1951.

The errors charged to the trial court present but one question—Were the appellant's written objections to the probate of the will of Mary Gordon, deceased, filed in time to invoke the provisions of Burns' Stat., §7-503, and thus entitle her to a reasonable time to formally resist the probate of said will by complaint and summons to all interested parties? The statute involved reads as follows:

> "If, prior to the admission of any will to probate before the clerk of the circuit court, objection thereto, in writing, verified by his affidavit, alleging that the same is not made for vexation or delay, be filed by any person with such clerk, he shall continue the same until the succeeding term of the court, when, if the person contesting such will fail to resist the probate thereof, the judge of such court may admit such will to probate but if such objection be made before such court, reasonable time shall be allowed to the party making the same to resist the probate of such will."

The appellant contends that the record shows conclusively that the will involved was ordered probated long after she had filed written objections thereto and followed the same, within a reasonable time, with a formal contest and, therefore, the court's order probating the will, in total disregard for her pending action to resist the same, is illegal and void. On the other hand, the appellee insists that said will was admitted to probate on May 7, 1951, at which time the appellant had no verified written objections thereto on file with the clerk of the court or the judge thereof, as required by §7-503, *supra,* and, therefore, she was not entitled to file them later as a basis for a formal complaint resisting probate.

The Supreme Court said in *Blanchard* v. *Wilbur* (1899), 153 Ind. 387, 390, 55 N. E. 99, "That the probate of a will is a judicial act is a generally asserted and well settled legal principle." Therefore, it seems clear that when a will is offered for probate in open court, as it was in this case, and verified written objections thereto are filed before the court judicially concludes that such will should be admitted and so orders, it is mandatory that reasonable time be granted the objector to formally resist the probate thereof. Burns' Stat., §7-503, *supra*.

There is nothing in the record made on May 7, 1951, when the present will was offered for probate, indicating that the court then concluded that such will should be admitted. Nor does the evidence disclose any minute, memorandum or memorial of any character suggesting an unrecorded judgment probating the will on that date. On the contrary, it seems quite obvious that no such conclusion was reached, and no such action taken on May 7, 1951, as subsequently the court permitted the appellant to file written objections to probate and assigned a date for a hearing thereon. The court later entertained the appellant's motion for the appointment of a special administrator to take charge of the assets of the decedent's estate for the sole reason that there was no one with authority to do so, and thus forestall the probability of waste. At the same time the court denied the appellee the right to qualify as the executor of the will and proceed with the execution of its mandates. This is wholly inconsistent with the idea that the court adjudicated the propriety of admitting the offered will to probate and so ordered on May 7, 1951. Had it done so there could have been no purpose in the appointment of a special administrator, and the appel-

lee's right to take over as the duly nominated executor of the will could not have been denied.

In our opinion the undisputed evidence in this case forces the conclusion that the court did not decide to admit the disputed will to probate until October 18, 1951, at which time the appellant had long since filed verified written objections thereto, and instituted formal suit to resist such procedure. This being true we are constrained to hold that the entry of the October 18th order *as of* May 7, 1951, was illegal and void.

It has long been the law of this state that the purpose of a *nunc pro tunc* entry is to make an order of what was previously done and not entered of record. It cannot be used to supply some ruling or order that was not in fact made. *Kelley* v. *Adams* (1889), 120 Ind. 340, 22 N. E. 317; *Perkins* v. *Hayward* (1879), 132 Ind. 95, 31 N. E. 670; *Boyd* v. *Schott* (1899), 152 Ind. 161, 52 N. E. 752; *Walter* v. *Uhl, Adm.* (1891), 3 Ind. App. 219, 28 N. E. 733; *Holcomb* v. *Norman* (1909), 43 Ind. App. 506, 87 N. E. 1057. "A court may record a fact *nunc pro tunc,* that is, if the fact existed then it may record it now; but it cannot record a fact now which did not exist then." *Kirby* v. *Bowland* (1870), 69 Ind. 290; *Harris* v. *Tomlinson* (1892), 130 Ind. 426, 30 N. E. 214.

In *Towles* v. *McCurdy* (1904), 163 Ind. 12, 71 N. E. 129, the Supreme Court said: "It appears from the statement of the facts of this case that, while the will of the decedent, with the formal proof of its execution, was presented to the court February 24, 1902, no action was taken at that time, nor was the court asked by the appellants to proceed with the matter. The objections of the appellee, Mary E. McCurdy, to the probate of the will were

filed prior to its probate and this was all that the statute required." In arriving at this conclusion the court considered the fact that the appellant apparently acquiesced in the postponement of probate and thus foreclosed his right to complain of intervening objections. In the present case the appellee vigorously resisted delay in the adjudication of his right to have the offered will probated. However, we know of no situation in law, where a court is called upon to reach a conclusion through judicial process, in which a litigant is entitled to an instanter decision as a matter of right. In other words, the court was justified, if it considered it advisable, in taking the matter of admitting the will of Mary Gordon to probate under advisement, which it did, and, in the words of statute, "prior to the admission" of said will to probate, the appellant filed verified written objections thereto and within a reasonable time thereafter filed her formal complaint to resist probate. Under such circumstances the court had no authority to admit said will to probate without first disposing of the issues, of law and fact, that might be joined on said complaint.

Judgment reversed and cause remanded to the trial court which instructions to vacate its order probating the will in controversy and for further proceedings not inconsistent with the views expressed herein.

NOTE.—Reported in 108 N. E. 2d 643.