STATE OF INDIANA ON THE RELATION OF MELVIN L. JACKSON *v.* THE OWEN CIRCUIT COURT AND WILLIAM T. SHARP AS JUDGE OF SAID COURT.

[No. 1-174A11. Filed July 17, 1974.]

*Charles W. Edwards, Edwards & Fountain,* of Spencer, for relator.

*Honorable William T. Sharp,* Pro Se, *Vernon J. Petri,* of Spencer, for respondents.

PER CURIAM.—The appellee in this cause, Melvin Jackson, has filed a Petition for Alternative Writ of Mandate and Writ of Prohibition in aid of the Court's Appellate Jurisdiction, seeking a writ of prohibition against the respondent Judge prohibiting him from exercising any further jurisdiction in Cause No. 73-C-65 in the Owen Circuit Court, and also seeking a Writ of Mandate to command the respondent Judge to expunge from the records of the respondent court the order making a nunc pro tunc entry of the trial judge's certificate ordering the filing of the transcript of the evidence entered in Cause No. 73-C-65 in the Owen Circuit Court on April 2, 1974.

The appeal of Cause No. 73-C-65 of the Owen Circuit Court is pending in this Court as Marion J. Jackson, Appellant, v. Melvin L. Jackson, Appellee, Cause No. 1-174-A-11. After

the record of the proceedings and the appellant's brief were filed, the appellee filed his motion to affirm the judgment of the trial court, alleging therein that the questions sought to be raised on appeal require a consideration of the evidence, but that the evidence was never filed with the clerk of the trial court and made a part of the record and therefore is not properly before this Court on appeal.

After the motion to affirm was filed in this Court, the appellant, in an attempt to cure the record, filed in the Owen Circuit Court a Motion to Correct Record, praying that the record be corrected *nunc pro tunc* to show the record "was filed herein and certify and transmit a supplemental record of the same to the Clerk of the Court of Appeals." The appellant's motion was heard in the trial court, during which hearing the trial judge acknowledged that no order book entry had been made showing the filing of the bill of exceptions and that there was a hiatus in the record. The trial judge's statements on those points are as follows:

"I think I see what the problem is and I think that there is no question but what no order book entry was made.
. . .
"Well, Gentlemen, there's been a hiatus in the record, there's no question about that. There's been a serious omission of a very material part of a record. I think, however, I've reviewed (sic) the rule and I think that it makes it incumbent upon a trial judge to correct the record wherever that can be done, and the issue will be—the whole thing is before the Court of Appeals anyway, and I think it is inherent in my job to make sure everybody has their day in Court, and that day in Court includes their right to appeal. . . .
"But, I think inherent in our whole system is the right to have trial judge's work reviewed, and so, I'm going to grant the Motion, knowing—and I can appreciate—there's a genuine problem here, I can see that. I think the basis of my ruling is, however, that—I am persuanded (sic) that the presentation of papers to the Court and to the Clerk of the Court as custodian of the records constitutes a filing whether any memorandum was made of it or not, or whether the file mark was, in fact, put on there. It's terribly sloppy practice, rather unforgivable practice, but I don't think

it's such that should deprive people of their right to be heard. So, I'm going to grant the Motion, and in doing this I think I put the whole issue squarely in the court that's going to make the determination anyway to get it done at the earliest possible time. That will be the court's ruling on that."

The Judge then entered the following order, *nunc pro tunc,* as of January 22, 1974:

"BE IT REMEMBERED that on the 22nd day of January, 1974, before the Honorable William T. Sharp, Judge, the following proceedings were had in said cause, to-wit:

"Comes now the plaintiff, by counsel, and presents and tenders the record of proceedings herein for certification of the trial judge, and having examined same, it is hereby certified that said record of proceeings (sic) is a full, true, and accurate and complete transcript of the evidence introduced and offered in said cause by the parties as certified to by Virginia Farley, the reporter of this court.

"And it is further certified that said record of proceedings, including the motion to correct errors and all papers filed with the court during the course of this action are true and correct and the same are now ordered filed and made a part of the record in the office of the Clerk of the Owen Circuit Court, as provided by Appellate Rule 7.2 (A) (4).

"Further ordered that the Clerk of this Court certify and transmit a supplemental record containing this record to the Clerk of the Appellate Court.

"Dated this 2nd day of April, 1974."

The Judge's remark concerning the basis of his ruling that "I am persuaded that the presentation of papers to the Court and to the Clerk of the Court as custodian of the records constitutes filing whether any memorandum was made of it or not . . ." was no doubt predicated on the affidavit in support of the motion to correct the record executed by one of the attorneys for the appellant, which reads as follows:

"Allen L. Fountain, being first duly sworn, upon his oath, deposes and says that:

"On the 22nd day of January, 1974, the Honorable William T. Sharp, Judge of the Owen Circuit Court, personally

handed affiant the Record of Proceedings in the above-entitled cause and affiant immediately thereafter personally filed the same with the Clerk of the Owen Circuit Court by handing said record of proceedings to Margaret Tucker in the Office of the Clerk of the Owen Circuit Court and affiant personally observed said Margaret Tucker certify the same by affixing her signature and the seal of the Owen Circuit Court.

"Further affiant saith not.

s/Allan L. Fountain
ALLAN L. FOUNTAIN

"Subscribed and sworn to before me this 1st day of April, 1974.

s/Dorla I. Morley
Dorla I. Morley,
Notary Public

My Commission Expires:
September 14, 1974"

The Clerk's Certificate appended to the record of the proceedings in the appeal now before us is in the following words and figures:

## "CLERK'S CERTIFICATE

"I, Margaret Tucker, Clerk of the Circuit Court within and for the County of Owen in the State of Indiana, do hereby certify that the above and foregoing Record of Proceedings contains true and correct copies or the originals of all the papers and entries in said cause, as requested by Marion J. Jackson by her attorney, Charles W. Edwards, in the Praecipe For Record of Proceedings of October 25, 1973.

"Witness my Hand and the Seal of said court at Spencer, in the County of Owen, State of Indiana, this 18 day of Jan., 1974.

(SEAL)

s/Margaret Tucker
Margaret Tucker
Clerk, Owen Circuit
Court"

The Judge's Certificate to the transcript of the evidence and proceedings at trial, was dated January 22, 1974, four days *after* the date of the Clerk's Certificate. It is therefore obvious that the Clerk certified the record at a time before

the transcript of the evidence and proceedings at trial *could have been* filed with her.

The question presented to this Court by the Petition for Alternative Writ of Mandate and Writ of Prohibition is whether the trial judge exceeded his jurisdiction when he changed his record by *nunc pro tunc* order *AFTER* the appeal had been perfected in this Court, without there being some written memorandum upon which to base his order.

The cases are legion which have held that the court's record cannot be amended, altered or changed *nunc pro tunc* after the term in which it was made without some written record, memorandum, memorial or note as the basis for amendment. While terms of court are no longer recognized, (Rule TR. 72(A)), it is now thought that a trial court may change his record at any time until he rules on a motion to correct errors, but that after a denial of the motion to correct errors, he loses jurisdiction to do anything further in the case. (With the possible exception of handling emergency matters, similar to the residual jurisdiction left after a judge grants a motion for change of venue.)

In *Bobbitt, Indiana Appellate Practice and Procedure,* Volume 1, p. 352, he states:

"After a motion for new trial has been granted or denied, the trial court has no jurisdiction to reconsider the matter after the statutory time for doing so has expired."

In *Harvey, Indiana Practice,* Vol. 4, p. 118, we find the following:

"Once a ruling is made on a motion to correct errors it may not be reconsidered by the trial court."

Rule TR. 60(A) which sets out the procedure for correcting clerical mistakes in the record, provides that during the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the court on appeal, *and thereafter while the appeal is pend-*

*ing, may be so corrected with leave of the court on appeal.*
(Our emphasis)

It has been held that the purpose of a *nunc pro tunc* entry is to put into the record some action of the court which has been omitted from the record by mistake. *Wiltrout, Indiana Practice,* Volume 3, § 2607, p. 329; *Taylor v. State* (1921), 191 Ind. 200, 132 N.E. 294; *Slinkard v. Wilson* (1952), 125 Ind. App. 76, 66 N.E.2d 64; *Green* v. *State* (1952), 123 Ind. App. 81, 108 N.E.2d 647.

In the case of *Taylor* v. *State* (1921), 191 Ind. 200, 132 N.E. 294, our Supreme Court stated:

"The purpose of a *nunc pro tunc* entry is to put in the record some action of the court which has been omitted from the record. It is within the power of the circuit court or other *nisi prius* courts of the state to amend a bill of exceptions after it has been signed and made a part of the record, and after the close of the term at which it was signed, where a proper case for the amendment of a record is made. *To make such a case there must be some memorandum, memorial paper, record of other minute of the transaction to amend* by, of a date prior thereto, or at least of equal date with the bill of exceptions. *Driver* v. *Driver* (1899), 153 Ind. 88, 54 N.E. 389; *Morgan* v. *Hays* (1883), 91 Ind. 132; Ewbank's Manual (2d ed.) § 37." (Our emphasis)

On the other hand, it has been held that a *nunc pro tunc* entry cannot be used to supply some ruling or order that was not, in fact, made.

In the case of *Green, etc.* v. *State* (1952), 123 Ind. App. 81, 108 N.E.2d 647, the Appellate Court stated:

"Courts have inherent power to make their records speak the truth, *Knowlton* v. *Dolan* (1898), 151 Ind. 79, 51 N.E. 97; *Boonville Nat. Bank* v. *Blakey* (1906), 166 Ind. 427, 76 N.E. 529, and may do so through the office of a *nunc pro tunc* entry. *Boyd* v. *Schott* (1899), 152 Ind. 161, 52 N.E. 752; *Holcomb* v. *Norman* (1909), 43 Ind. App. 506, 87 N.E. 1057. As has been said: 'A court may record a fact *nunc pro tunc,* that is, if the fact existed then it may be recorded now; but it cannot record a fact now which did not exist then.' *Kirby* v. *Bowland* (1879), 69 Ind. 290, 293."

In the case of *In re Gordon's Estate* (1952), 123 Ind. App. 233, 108 N.E.2d 643, the Court stated:

"It has long been the law in this state that the purpose of a *nunc pro tunc* entry is to make an order of what was previously done and not entered of record. It cannot be used to supply some ruling or order that was not in fact made. *Kelley* v. *Adams* (1889), 120 Ind. 340, 22 N.E. 317; *Perkins* v. *Hayward* (1879), 132 Ind. 95, 31 N.E. 670; *Boyd* v. *Schott* (1899), 152 Ind. 161, 52 N.E. 752; *Walter* v. *Uhl, Adm.* (1891), 3 Ind. App. 219, 28 N.E. 733; *Holcomb* v. *Norman* (1909), 43 Ind. App. 506, 87 N.E. 1057. 'A court may record a fact *nunc pro tunc*, that is, if the fact existed then it may record it now; but it cannot record a fact now which did not exist then.' *Kirby* v. *Bowland* (1870), 69 Ind. 290; *Harris* v. *Tomlinson* (1892), 130 Ind. 426, 30 N.E. 214."

In *Wiltrout, Indiana Practice*, Volume 3, § 2609, pp. 333 and 334, we find the following:

"§ 2609. Correction by Nunc Pro Tunc Entry after Term

The court's record may not ordinarily be amended or changed *nunc pro tunc* after the term at which it was made upon parol evidence alone. *Generally, there must be some written record, memorandum, memorial, or note as a basis for the amendment.* It is generally recognized that parol evidence is competent, but only in connection with written evidence. The evidence, of whatever character, should be clear and convincing. When the fact that the action was taken, although not shown by the record, is so established, parol proof may be resorted to for the purpose of showing the character, terms and conditions of the action taken.

"After term the entry cannot be made upon parol evidence alone, unless the reason for the rule fails.

"A bill of exceptions, as well as other parts of the record, may be corrected after the term in which it was filed *if there is a record, memorial, memorandum, entry or minute of the transaction of equal or prior date, upon which the correction can be based, but not otherwise.* Parol testimony alone has been held to be insufficient. Thus, the court had no power to amend the bill by inserting therein the statement that 'this was all the evidence given in the cause,' after the close of the term. An order of the trial court correcting the bill will be disregarded where there is no such written evidence warranting the correction. The court reporter's notes are a sufficient memorandum.

"In Jeffersonville, M. & I. R. R. Co. v. Bowen (1874) where the bill was amended at a term of court subsequent to the one during which the bill was filed, the court said, 'there is some evidence to show that this evidence was omitted, in the general bill of exceptions, on account of the notes of Dickey's evidence being in possession of appellee's attorneys.'

"The rule requiring a record memorial or other writing is based upon the theory that entries of things done in the past should not be made except upon the clearest proof. . . ." (Citations omitted) (Our emphasis)

The rule is the same in seeking an order *nunc pro tunc* to show the filing of the bill of exceptions (transcript of the evidence and proceedings at trial). In *Bobbitt, op. cit.*, Ch. 50, § 4, p. 483, he states:

"If, through some inadvertence or oversight, the record, when filed with the appeal court, does not properly show the filing of the bill of exceptions, it may be done by a *nunc pro tunc* entry (Form 80) by the trial court, which may then be brought into the record by a writ of certiorari (Form 81). *However, in order to obtain the nunc pro tunc entry, there must be some intrinsic evidence, some written note, or minute which may be supported by parol evidence to justify such entry.* The clerk's file stamp alone is not sufficient evidence to support the *nunc pro tunc* entry." (Our emphasis) (Citations omitted)

In *Wiltrout, op. cit.*, § 2286 (4) p. 130, he states:

"(4)  Nunc Pro Tunc Entry Showing Filing. The filing of a bill of exceptions may be shown by an entry made nunc pro tunc when proper evidence exists to show the time of filing, and such entry brought up on certiorari. Parol evidence of the filing is admissible on the hearing, *but is not sufficient in the absence of a note, minute or memorial sufficient to authorize the order.* The clerk's file mark was formerly held not a sufficient memorial." (Our emphasis) (Citations omitted)

The reason for the long established rule requiring some written memorandum, note or memorial, which was made at the time of the transaction to support a *nunc pro tunc* order made at some later time, is graphically illustrated in this case by the variance in the dates on the Clerk's Certificate

to the record of the proceedings (January 18, 1974) and the date appellant's attorney sets out in his Affidavit in Support of Motion to Correct the Record, as the date he filed the transcript of the evidence with the Clerk (January 22, 1974) and saw her affix her signature and the seal of the Court. Human memory and recall is not perfect, and at some time or another, fails all of us. Some written memorandum made at the time ensures a more accurate basis for a later entry, both as to the nature of the transaction and the date of the transaction, than does a mere recollection which may be dimmed by the passage of time and colored or altered by intervening events.

The expressed desire of the trial judge to keep the parties in court and, afford the appellant the opportunity to pursue her appeal is commendable. Nonetheless, we must reluctantly conclude, on the basis of all of the above and foregoing authority, that he exceeded his jurisdiction in entering his order *nunc pro tunc* showing the transcript of the evidence was filed, when, by his own admission, there was no written note, minute or memorial upon which to base the order, and further, because the parol evidence upon which he based the order was at variance with the Clerk's Certificate to the record of the proceedings.

The appellee's Petition for Writ of Mandate in aid of appellate jurisdiction is now granted. The Honorable William T. Sharp, Judge of the Owen Circuit Court, is ordered to expunge from the records of said Court, the order issued in Cause No. 73-C-65, in the Owen Circuit Court on April 2, 1974, *nunc pro tunc* as of January 22, 1974.

NOTE.—Reported at 314 N.E.2d 73.