**STATE of Indiana, ex rel. Patricia A. HULSE, Relator,**

v.

**The MONTGOMERY CIRCUIT COURT and The Honorable Thomas K. Milligan, as Judge Thereof, and Mark W. Chapin, Respondents.**

No. 54S00–9002–OR–97.

Supreme Court of Indiana.

Nov. 1, 1990.

Thomas Todd Reynolds, Rocap, Witchger & Threlkeld, Indianapolis, for relator.

Harry A. Siamas, Crawfordsville, for respondents.

GIVAN, Justice.

The relator presented her verified petition for a writ of mandamus and prohibition. However, upon examination of the papers, the Court determined that original action was not the proper remedy and notified the relator that her petition for the writ would be denied without a hearing. Subsequently, she formally filed her papers with the Clerk of this Court, thus necessitating this opinion.

The relator was a defendant in a civil action in the respondent court. She obtained a favorable verdict after several days of trial. The plaintiff filed a motion to correct error which was overruled on July 26, 1989. On August 14, 1989, the plaintiff filed a motion to reconsider. The motion to reconsider was based on a then-new decision of this Court entitled, *Manns v. State Dept. of Highways* (1989), Ind.,

541 N.E.2d 929. That case held that the existence and the amount of settlement generally should be kept from the jury. Although plaintiff did not timely file a praecipe, on September 28, 1989, the trial court nevertheless granted the motion to reconsider, vacated the judgment, and reset the matter for jury trial.

The relator did not file a motion to correct error or a praecipe within thirty days as required to take an appeal but instead waited until November 2, 1989 and filed a motion to reconsider the granting of plaintiff's motion to reconsider.

Indiana Rules of Trial Procedure, Rule 59(F) states:

"Any modification or setting aside of a final judgment or appealable final order following the filing of a motion to correct error shall be an appealable final judgment or order."

■ Relator claims under *State ex rel. Jackson v. Owen Circuit Court* (1974), 160 Ind.App. 685, 314 N.E.2d 73 the trial court loses all jurisdiction save emergencies after overruling a motion to correct error. Relator also cites *Mohney v. State* (1974), 159 Ind.App. 246, 306 N.E.2d 387 which states that motions to reconsider do not extend the time for appeal. These cases are a correct statement of the law.

■ We further observe that under Ind. R.T.P. 53.4, motions to reconsider are automatically overruled in five days. However, in the case at bar, if the trial court in fact did err in sustaining plaintiff's motion to reconsider, the relator did not take advantage of her appellate remedy from such a ruling. She argues however that she should not be put through the tortuous process of a new trial plus the possibility of the necessity of an appeal therefrom when an original action could solve the problem. However, we decline to use an original action to substitute for a missed appeal.

Relator's petition for a writ of mandamus and prohibition is therefore denied.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

I would grant a permanent writ in this case requiring the respondent court to reinstate the judgment on the verdict for Hulse, the successful defendant below, relator here. On July 26, 1989, the trial court overruled the motion of Chapin, the unsuccessful plaintiff below, seeking correction of error. On August 14, 1989, Chapin filed a motion to reconsider his motion to correct errors. On August 25, 1989, the thirty days for Chapin to file a praecipe expired, and he forfeited the right of appeal. Appellate Rule 2(A). On September 21, 1989, the respondent Court nevertheless granted the motion to reconsider, granted the motion to correct errors, and reset the case for trial. The order of September 21, 1989, was made without jurisdiction, is void, and should be ordered expunged. *State ex rel. Jackson v. Owen Circuit Court* (1974), 160 Ind.App. 685, 314 N.E.2d 73.