**John L. BRIMHALL and Courtney Brimhall, Appellants–Defendants,**

v.

**Jeffrey A. BREWSTER and Autumn Brewster, Appellees–Plaintiffs.**

No. 21A05–0412–CV–701.

Court of Appeals of Indiana.

Oct. 14, 2005.

Rehearing Denied Dec. 1, 2005.

Gary L. Shaw, Skiles DeTrude, Indianapolis, IN, Attorney for Appellants.

Michael A. Beason, Christopher and Taylor, Indianapolis, IN, Gary E. Smith, Connersville, IN, Attorneys for Appellees.

## OPINION

SULLIVAN, Judge.

John and Courtney Brimhall appeal the judgment entered in favor of Jeffrey and Autumn Brewster upon their claims for injuries suffered by Jeffrey in an automobile accident. They present several issues for our review, one of which we address, whether a nunc pro tunc order was properly used to set aside the dismissal of the Brewster complaint.[1]

---

1. The Brimhalls also assert two other errors in their appeal. The first is that once the

We reverse.[2]

Jeffrey was operating his motor vehicle on April 22, 1999 when he was involved in a collision with John. Jeffrey was treated and released from the emergency room at Rush Memorial Hospital and underwent additional treatment for injuries sustained in the accident. On April 4, 2001, the Brewsters filed a complaint against the Brimhalls upon the theory of negligence.

Following the filing of the complaint, the Fayette County Sheriff was unable to serve the summons and complaint upon the Brimhalls. On October 12, 2002, the trial court set a hearing for the matter of dealing with a number of cases pursuant to Trial Rule 41(E).[3] On November 15, 2002, the trial court dismissed the Brewsters' claim, along with numerous others, by an order which stated, "The Court, having

previously set a hearing for the purpose of dismissing the cases set out below, pursuant to Rule 41(E). [sic] The parties having failed to show cause why the case should not be dismissed, the Court now dismisses the cases at Plaintiff's [sic] costs." Appellants' Appendix at 4.

On December 13, 2002, the Brewsters filed a verified application for default judgment. On December 19, 2002, the trial court entered a default judgment against the Brimhalls. However, the default judgment was set aside on June 25, 2003 "due to lack of service." *Id.* Notice was then published for three consecutive weeks in a local newspaper. The Brewsters filed a second application for default judgment on September 5, 2003. A default judgment was entered on September 10, 2003, and following a hearing held on December 19,

complaint was dismissed, the court was without subject matter jurisdiction until the Brewsters properly sought reinstatement of the action. There are three types of jurisdiction: (1) subject matter jurisdiction, (2) jurisdiction of the person, and (3) jurisdiction of the particular case. *Twyman v. State,* 459 N.E.2d 705, 707 (Ind.1984). Subject matter jurisdiction concerns whether or not the particular court has jurisdiction over the general class of actions to which the particular case belongs and must be derived from the Constitution or statute. Jurisdiction of the person refers to whether the person is appropriately subject to the jurisdiction of the court. Jurisdiction of the particular case refers to the right, authority, and power to hear and determine a specific class of cases over which a court has subject matter jurisdiction. Here, the trial court had subject matter jurisdiction over the case at all times. The concern was whether it had jurisdiction over the particular case.

The Brimhalls also assert that they were denied due process by the trial court's order that a portion of the transcript in another case be made a part of the transcript in this case to explain the confusion surrounding the entry of the Trial Rule 41(E) dismissal and the use of the nunc pro tunc order. They also assert that portions of the Appellees' Appendix should be stricken because it contains the

transcript from the other case. That issue is ultimately irrelevant to our resolution of this appeal and we have disregarded the portions of the transcript and appendix which the Brimhalls deem improper.

2. The Brewsters claim that the appeal should be dismissed for lack of a final, appealable order. The Brimhalls claim that they may appeal from the entry of the nunc pro tunc orders because the orders abrogate the finality of the November 15, 2002 dismissal which was in their favor. The Brewsters, on the other hand, claim that the only final, appealable order was entered on December 19, 2003—the date of the monetary judgment against the Brimhalls—and that therefore the appeal is untimely. In *Fitzgerald v. Cummings,* 792 N.E.2d 611, 616 (Ind.Ct.App. 2003), this court held that a nunc pro tunc order may not be used to prejudice a party's right to seek review. Here, the Brimhalls had no reason to appeal any judgment or order until the nunc pro tunc entries were made. Thus, we address the merits of their appeal.

3. In the past this process was often referred to as a call of the docket and was for the purpose of determining the status of inactive cases. Depending upon the circumstances the court may set a trial date, grant continuances, or dismiss the case.

2003, the Brewsters were awarded $123,000 in damages plus costs. A copy of the judgment was mailed to the Brimhalls but was returned because delivery could not be completed.

On November 29, 2004, the trial court issued two nunc pro tunc orders with respect to the Trial Rule 41(E) dismissal entered on November 15, 2002. The first order stated:

> "The Court, being duly advised, now finds that the order dated November 15, 2002 dismissing this case was not completed due to a computer error until October 2003 and when prepared manually failed to contain the following clause,
>
> > 'A cause may be reinstated on condition that diligent prosecution will be had.'
>
> > Said clause is now inserted into the order of November 15, 2002 Nunc Pro Tunc.
>
> > So **Ordered** this 29th day of November, 2004." *Id.* at 15.

The second order stated:

> "The Court, being duly advised, now finds that due to a computer error, the written order dismissing this case was not prepared until October 2003 even though the CCS entry stated that the case was dismissed. CCS entry stated that the case was dismissed on November 15, 2002.
>
> > Since the Court does not print nor review the CCS each time it handles a case, the Court did not realize that this case was dismissed and consequently did not insist that the dismissal be set aside. The Court now sets aside the Dismissal of 11–15–02 effective 12–13–02.
>
> > So **Ordered** this 29th day of November, 2004." *Id.* at 16.

■ Notwithstanding the trial court's indication that the dismissal was to be without prejudice, the Brimhalls assert that when the trial court dismissed the complaint pursuant to Trial Rule 41(E) the dismissal was with prejudice, and the cause of action could not be reinstated without the filing of a Trial Rule 60(B) motion. Furthermore, the Brimhalls opine that even though the Brewsters filed a motion for default judgment, the trial court could not use a nunc pro tunc entry to amend the dismissal order.

■ Trial Rule 41(E) states:
> "Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution."

However, Trial Rule 41(F) limits the ability of a trial court to grant reinstatement of a dismissed complaint. A dismissal without prejudice may be set aside for good cause shown and within a reasonable time. On the other hand, a dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B).

■ The order which was signed by the trial court on November 15, 2002, and file stamped that same day did not state whether the dismissal was to be with or without prejudice.[4] Indiana Trial Rule

---

4. The Brewsters claim that the order was not created, filed, and signed until October 2003

41(B) states that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under ... subdivision (E) of this rule and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits." Clearly, this means that unless the trial court indicates that the dismissal is without prejudice, it must be deemed to be with prejudice. *See also Patton Elec. Co., Inc. v. Gilbert,* 459 N.E.2d 1192, 1194 (Ind.Ct.App.1984). In this case, the order did not indicate that the dismissal was without prejudice. Therefore it must be deemed that the order dated November 15, 2002, was a dismissal with prejudice.

 The question now becomes whether the trial court could properly use a nunc pro tunc order to change the dismissal to one without prejudice after the original order was with prejudice. A nunc pro tunc order is " 'an entry made *now* of something which was actually previously done, to have effect as of the former date.' " *Cotton v. State,* 658 N.E.2d 898, 900 (Ind.1995) (quoting *Perkins v. Hayward,* 132 Ind. 95, 101, 31 N.E. 670, 672 (1892)) (emphasis in original). A nunc pro tunc entry may be used to either record an act or event not recorded in the court's order book or to change or supplement an entry already recorded in the order book. *Id.* The purpose of a nunc pro tunc order is to correct an omission in the record of action really had but omitted through inadvertence or mistake. *Id.* However, the trial court's record must show that the unrecorded act or event actually occurred. *Id.* A written memorial must form the basis for establishing the error or omission to be corrected by the nunc pro tunc or-

der. *Id.* To provide a sufficient basis for the nunc pro tunc entry, the supporting written material:

> "(1) must be found in the records of the case; (2) must be required by law to be kept; (3) must show action taken or orders or rulings made by the court; and (4) must exist in the records of the court contemporaneous with or preceding the date of the action described." *Id.* (quoting *Stowers v. State,* 266 Ind. 403, 411, 363 N.E.2d 978, 983 (1977)).

"A *nunc pro tunc* entry can not be used as the medium whereby a court can change its ruling actually made, however erroneous or under whatever mistakes of law or fact such ruling may have been made." *Harris v. Tomlinson,* 130 Ind. 426, 433, 30 N.E. 214, 216 (1892).

No written memorial existed which indicated that the dismissal was to be without prejudice until the trial court entered the nunc pro tunc order two years later. Thus, we are unable to validate the trial court's action of deeming the dismissal to be without prejudice and allowing the proceedings to continue. Be that as it may, we are sympathetic to the trial court's attempt to rectify an apparent error made by the court so that the Brewsters could be heard upon their complaint.

In this regard, we are very much of the same mindset as this court in *State ex rel. Jackson v. Owen Circuit Court,* 160 Ind. App. 685, 694, 314 N.E.2d 73, 79 (1974). In that decision, we "reluctantly" concluded that the trial court exceeded its jurisdiction in entering an order nunc pro tunc to show that evidence was filed when no written note, minute, or memorial existed upon which to base the order, and furthermore, that the recollection of the judge

because of the failure to enter the order in the Record of Judgments and Orders until October 23, 2003. That claim is erroneous. A copy of the order, which is contained in the

Appellants' Appendix, was stamped "Filed" on November 15, 2002, and it was signed by the Judge that same day.

was at variance with the Clerk's Certificate to the record of the proceedings. As this court noted, human memory and recall is not perfect and some times will fail. *Id.* Thus, a written memorandum made at the time ensures a more accurate basis for the later entry than does a mere recollection which may be dimmed by the passage of time and colored or altered by intervening events. *Id.*

Consequently, we conclude that the trial court erred in entering the nunc pro tunc order which deemed the dismissal to be without prejudice in order to validate the later proceedings. Thus, we invalidate both nunc pro tunc orders entered by the trial court in addition to all other rulings made after November 15, 2002, including the default judgment entered in favor of the Brewsters on their claim.[5]

The judgment is reversed.

NAJAM, J., and RILEY, J., concur.

---

5. It may well be appropriate for our Supreme Court to revisit the procedural matters presented by cases such as this and to effect some fine tuning of the law.