**John L. BRIMHALL and Courtney Brimhall, Appellants,**

v.

**Jeffrey A. BREWSTER and Autumn Brewster, Appellees.**

**No. 21A01–0609–CV–416.**

Court of Appeals of Indiana.

April 27, 2007.

Gary L. Shaw, Skiles DeTrude, India-napolis, IN, Attorney for Appellants.

Michael A. Beason, Christopher and Taylor, Indianapolis, Gary E. Smith, Con-nersville, IN, Attorneys for Appellees.

## OPINION

FRIEDLANDER, Judge.

John and Courtney Brimhall appeal the trial court's grant of Jeffrey and Autumn Brewster's Motion for Relief from Entry of Judgment, filed pursuant to Ind. Trial Rule 60(B)(8). The Brimhalls present the following consolidated and restated issue for review: Did the trial court properly grant the Brewsters' T.R. 60(B)(8) motion, which reinstated the Brewsters' cause of action against the Brimhalls?

We affirm.

In a prior appeal we set forth the following facts, which remain relevant to the issue at hand:

> Jeffrey was operating his motor vehicle on April 22, 1999 when he was involved in a collision with John. Jeffrey was treated and released from the emergency room at Rush Memorial Hospital and underwent additional treatment for injuries sustained in the accident. On April 4, 2001, the Brewsters filed a complaint against the Brimhalls upon the theory of negligence.
>
> Following the filing of the complaint, the Fayette County Sheriff was unable to serve the summons and complaint upon the Brimhalls. On October 12,

2002, the trial court set a hearing for the matter of dealing with a number of cases pursuant to Trial Rule 41(E). On November 15, 2002, the trial court dismissed the Brewsters' claim, along with numerous others, by an order which stated, "The Court, having previously set a hearing for the purpose of dismissing the cases set out below, pursuant to Rule 41(E). [sic] The parties having failed to show cause why the case should not be dismissed, the Court now dismisses the cases at Plaintiff's [sic] costs."

On December 13, 2002, the Brewsters filed a verified application for default judgment. On December 19, 2002, the trial court entered a default judgment against the Brimhalls. However, the default judgment was set aside on June 25, 2003 "due to lack of service." Notice was then published for three consecutive weeks in a local newspaper. The Brewsters filed a second application for default judgment on September 5, 2003. A default judgment was entered on September 10, 2003, and following a hearing held on December 19, 2003, the Brewsters were awarded $123,000 in damages plus costs. A copy of the judgment was mailed to the Brimhalls but was returned because delivery could not be completed.

On November 29, 2004, the trial court issued two nunc pro tunc orders with respect to the Trial Rule 41(E) dismissal entered on November 15, 2002. The first order stated:

"The Court, being duly advised, now finds that the order dated November 15, 2002 dismissing this case was not completed due to a computer error until October 2003 and when prepared manually failed to contain the following clause,

'A cause may be reinstated on condition that diligent prosecution will be had.'

Said clause is now inserted into the order of November 15, 2002 Nunc Pro Tunc.

So **Ordered** this 29th day of November, 2004."

The second order stated:

"The Court, being duly advised, now finds that due to a computer error, the written order dismissing this case was not prepared until October 2003 even though the CCS entry stated that the case was dismissed. CCS entry stated that the case was dismissed on November 15, 2002.

Since the Court does not print nor review the CCS each time it handles a case, the Court did not realize that this case was dismissed and consequently did not insist that the dismissal be set aside. The Court now sets aside the Dismissal of 11–15–02 effective 12–13–02.

So **Ordered** this 29th day of November, 2004."

*Brimhall v. Brewster,* 835 N.E.2d 593, 595–96 (Ind.Ct.App.2005) (footnote and citations to record omitted), *trans. denied.*

In their first appeal, the Brimhalls challenged the trial court's use of a nunc pro tunc order to set aside the T.R. 41(E) dismissal of the Brewsters' complaint. We reluctantly concluded that the trial court could not properly use a nunc pro tunc order to change the dismissal to one without prejudice after the original order was with prejudice.[1] In this regard, we explained in part:

1. T.R. 41(F) limits the ability of a trial court to grant reinstatement of a dismissed complaint. A dismissal without prejudice may be set aside for good cause shown and within a reasonable time. A dismissal with prejudice,

The purpose of a nunc pro tunc order is to correct an omission in the record of action really had but omitted through inadvertence or mistake.... A written memorial must form the basis for establishing the error or omission to be corrected by the nunc pro tunc order. To provide a sufficient basis for the nunc pro tunc entry, the supporting written material:

"(1) must be found in the records of the case; (2) must be required by law to be kept; (3) must show action taken or orders or rulings made by the court; and (4) must exist in the records of the court contemporaneous with or preceding the date of the action described." *[Cotton v. State,* 658 N.E.2d 898, 900 (Ind.1995)] (quoting *Stowers v. State,* 266 Ind. 403, 411, 363 N.E.2d 978, 983 (1977)).

"A nunc pro tunc entry can not be used as the medium whereby a court can change its ruling actually made, however erroneous or under whatever mistakes of law or fact such ruling may have been made." *Harris v. Tomlinson,* 130 Ind. 426, 433, 30 N.E. 214, 216 (1892).

No written memorial existed which indicated that the dismissal was to be without prejudice until the trial court entered the nunc pro tunc order two years later. Thus, we are unable to validate the trial court's action of deeming the dismissal to be without prejudice and allowing the proceedings to continue. Be that as it may, we are sympathetic to the trial court's attempt to rectify an apparent error made by the court so that the Brewsters could be heard upon their complaint.

*Brimhall v. Brewster,* 835 N.E.2d at 597 (some citations omitted). Because the trial court erred in entering the nunc pro tunc order which deemed the dismissal to

be without prejudice, we invalidated both nunc pro tunc orders and "all other rulings made after November 15, 2002, including the default judgment entered in favor of the Brewsters on their claim." *Id.* at 598. In doing so, however, we noted that "[i]t may well be appropriate for our Supreme Court to revisit the procedural matters presented by cases such as this and to effect some fine tuning of the law." *Id.* at 598 n. 5.

Three days after their petition for transfer was denied, the Brewsters filed a motion for relief from entry of judgment with the trial court on April 21, 2006. In support, the Brewsters later filed the affidavit of Jenny Sargent to establish that they never received service of the November 15, 2002 dismissal order from the trial court. The Brimhalls filed a motion to strike the Brewsters' motion, a motion to dismiss with prejudice, and a motion to strike Sargent's affidavit. On July 10, 2006, the trial court held a hearing and heard arguments on the pending motions. Both parties subsequently filed post-hearing briefs, and Jeffrey Brewster also submitted his own affidavit to verify the factual allegations contained in the complaint. On September 8, the trial court granted the Brewsters' motion for relief from entry of judgment and vacated the November 15, 2002 dismissal. The Brimhalls now appeal.

The Brimhalls initially claim the trial court erred in failing to hold an evidentiary hearing regarding the motion for relief from judgment. In this regard, they rely on T.R. 60(D) and our application of the rule in *Hoosier Health Sys., Inc. v. St. Francis Hosp. & Health Ctrs.,* 796 N.E.2d 383 (Ind.Ct.App.2003) *(Hoosier Health).* T.R. 60(D) provides as follows:

however, may be set aside by the court in accordance with the provisions of T.R. 60(B).

**Hearing and relief granted.** In passing upon a motion allowed by subdivision (B) of this rule the court shall hear any pertinent evidence, allow new parties to be served with summons, allow discovery, grant relief as provided under Rule 59 or otherwise as permitted by subdivision (B) of this rule.

In *Hoosier Health,* we concluded that the trial court's summary reinstatement of St. Francis's claim without a hearing was improper, because T.R. 60(D) plainly "requires a hearing." *Hoosier Health,* 796 N.E.2d at 387. We further stated, "T.R. 60(D) requires a hearing at which pertinent evidence is to be presented." *Id.* at 388.

Unlike in *Hoosier Health,* the trial court held a hearing in the instant case. Thus, we are not dealing with a summary reinstatement of the Brewsters' claim. While the hearing involved argument, rather than a true presentation of evidence, one of the primary issues addressed at the hearing was the propriety of the Sargent affidavit. The Brimhalls clearly had an opportunity to be heard, and it is apparent from the record that the parties understood the court would be ruling upon the motion for relief from judgment, as well as the motion to strike the affidavit, following the hearing. Moreover, aside from the Sargent affidavit, the pertinent facts relevant to the motion for relief were part of the court's own record, which included our decision in *Brimhall v. Brewster,* 835 N.E.2d 593. There would be no benefit, especially in light of the history of this case, to further extend this matter by remanding for an evidentiary hearing so that evidence the trial court has already considered could be formally admitted at a hearing.

■■■ On a related note, the Brimhalls also assert: "Pertinent evidence under T.R. 60(D) cannot be based on self-serving affidavits; nor can mere affidavits sustain the burden of proof for purposes of 60(B)(8). Affidavits are not designed to reveal 'extraordinary circumstances' justifying relief." *Appellant's Brief* at 9. On the contrary, we have previously held that "the requirements of TR 60(D) may be met by the filing of affidavits." *Morrison v. Prof'l Billing Servs., Inc.,* 559 N.E.2d 366, 367 (Ind.Ct.App.1990); *see also Bross v. Mobile Home Estates, Inc.,* 466 N.E.2d 467, 469 (Ind.Ct.App.1984) ("[t]he catalyst needed to obtain the proper relief is some admissible evidence which may be in the form of an affidavit, testimony of witnesses, or other evidence obtained through discovery"). Further, we are not persuaded by the Brimhalls' unsupported assertion that affidavits cannot be utilized in T.R. 60(B)(8) matters. Contrary to their apparent belief, T.R. 60(B)(8) does not require extraordinary evidence but, rather, some evidence of extraordinary circumstances. *See Indiana Ins. Co. v. Ins. Co. of N. Am.,* 734 N.E.2d 276 (Ind.Ct.App.2000), *trans. denied; Bross v. Mobile Home Estates, Inc.,* 466 N.E.2d 467.

We now turn to the Brimhalls' claim that the trial court abused its discretion by reinstating the Brewsters' cause of action pursuant to T.R. 60(B)(8). The Brimhalls argue the Brewsters have, at best, established excusable neglect, not extraordinary circumstances. In this regard, they note that Brewsters received notice of the T.R. 41(E) hearing but failed to respond or appear. The Brimhalls claim that, after the scheduled dismissal hearing, the Brewsters' attorney failed to exercise due diligence by regularly checking court records to ascertain the status of the complaint. *See Blichert v. Brososky,* 436 N.E.2d 1165 (Ind.Ct.App.1982).

■■■ A motion made under T.R. 60(B) is addressed to the equitable discretion of the trial court, and we will reverse only

upon an abuse of that discretion. *Indiana Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d 276. When the trial court's action is clearly erroneous, an abuse of discretion will be found. *Id.*

The burden is on the movant to establish grounds for relief under T.R. 60(B). *Indiana Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d 276. Because it had been over one year since the trial court dismissed the case, the Brewsters could not seek relief under T.R. 60(B)(1)-(4). Thus, they filed their motion pursuant to T.R. 60(B)(8). T.R. 60(B)(8) allows the trial court to set aside a judgment within a reasonable time for any reason justifying relief "other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." *Id.* The trial court's residual powers under subsection (8) may only be invoked upon a showing of exceptional circumstances justifying extraordinary relief. *Indiana Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d 276. Among other things, exceptional circumstances do not include mistake, surprise, or excusable neglect, which are set out in T.R. 60(B)(1). In this respect, we have explained:

> "T.R. 60(B)(8) is an omnibus provision which gives broad equitable power to the trial court in the exercise of its discretion and imposes a time limit based only on reasonableness. Nevertheless, under T.R. 60(B)(8), the party seeking relief from the judgment must show that its failure to act was not merely due to an omission involving the mistake, surprise or excusable neglect. Rather some extraordinary circumstances must be demonstrated affirmatively. This circumstance must be other than those circumstances enumerated in the preceding subsections of T.R. 60(B)."

*Indiana Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d at 279–80 (quoting *Blichert v. Brososky*, 436 N.E.2d at 1167).

The facts of the *Indiana Insurance* case are quite similar to the facts of the case at bar. In that case, we found exceptional circumstances justifying relief from dismissal, despite the fact that the plaintiff "had actual knowledge of the pending cause of action and failed to keep apprised of the status of the case." *Indiana Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d at 280. We explained:

> We agree with Indiana Insurance that INA's former counsel should have been more diligent, however, so too should counsel for Indiana Insurance and the responsible personnel in the Marion County Clerk's office who failed to send notice of the dismissal order to the parties. T.R. 72(E) grants the trial court the discretion to extend any time limitation for contesting a ruling where there is no proof of mailing by the Clerk of a copy of the ruling and where, as here, the party challenging such ruling has no actual notice of it. Therefore, unlike *Blichert*, where this Court focused upon the lack of due diligence by the plaintiff's attorney to find that T.R. 60(B)(8) did not apply, we instead focus upon the lack of due diligence and poor communication between both party's counsel and the Court Clerk to find that exceptional circumstances existed to justify relief from the dismissal pursuant to T.R. 60(B)(8).
>
> In the present case, neither party appeared for the April 11, 1997 call of the docket hearing. On that date, the trial court took no action. On April 25, 1997, Indiana Insurance answered INA's discovery requests, and Indiana Insurance served INA with discovery requests. Thirty-five (35) days later, on May 16, 1997, the court entered an order of dismissal. Neither party received notice of the dismissal order. Thereafter, ongoing discovery continued and both parties continued with litigation of the case in

the apparent belief that the case had not been dismissed. The record reveals that on December 1, 1998 INA's counsel received notice from the trial court that the case had been dismissed on May 16, 1997. Immediately upon learning of the dismissal, INA's counsel moved for relief from the dismissal by filing a Motion to Reinstate Cause of Action on December 3, 1998.

Furthermore, this action involves a claim for a considerable amount of money about which there is a good faith dispute. T.R. 1 directs us to construe the trial rules in ways that "secure the just, speedy and inexpensive determination of every action." We believe the trial judge was following this admonition when on the basis of the record before her she concluded that the failure of the original motion for continuance to reach the court's file, the failure of both parties to attend the hearing on the call of the docket, the fact that the parties continued discovery after the date set for the hearing, and the failure of the Clerk's office to notify the parties of the order of dismissal constituted exceptional circumstances and justified the invocation of T.R. 60(B)(8). Therefore, we conclude that the trial court properly granted INA's Motion to Reinstate Cause of Action.

*Id.* at 280–81.

 In the instant case, we similarly conclude the trial court did not abuse its discretion by finding exceptional circumstances justifying relief from entry of judgment. To be sure, the Brewsters do not dispute that they were provided with notice of the dismissal hearing and failed to attend the hearing or otherwise respond. Alone, these facts could not establish anything more than mistake or neglect. The exceptional circumstances, however, arose after the dismissal hearing when the trial court failed to notify the Brewsters of the dismissal order following its entry and, thereafter, allowed the case to proceed as if the dismissal had not been entered. Without notice of the dismissal, the Brewsters actively proceeded with the litigation and ultimately obtained a default judgment against the Brimhalls. It was not until two years after the dismissal (and one year after the default judgment) that the court took notice of the dismissal, at which time the trial court entered the nunc pro tunc orders in order to validate the later proceedings (i.e., the default judgment against the Brimhalls). Thus, the Brewsters had no knowledge and/or reason to file for relief pursuant to T.R. 60(B) until after we invalidated the nunc pro tunc orders on appeal. Under the circumstances of this case, we conclude that the trial court properly determined, after a hearing, that the equities were with the Brewsters and that the dismissal should be set aside due to exceptional circumstances.[2]

Judgment affirmed.

RILEY, J., and KIRSCH, J., *concur.*

---

**2.** We note that the Brimhalls have never filed an answer to the complaint, and their counsel did not file an appearance until after the nunc pro tunc orders were entered. Moreover, the record establishes that the Brewsters have asserted a good-faith claim against the Brimhalls, and there is no indication the Brimhalls will be prejudiced by reinstatement of the claim.