**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 17 2012, 8:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK S. LENYO**
South Bend, Indiana

ATTORNEY FOR APPELLEE:

**JULIE P. VERHEYE**
Mishawaka, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TODD J. POSAR, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1201-DR-38 |
| | ) | |
| PAULA M. POSAR, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE SAINT JOSEPH CIRCUIT COURT
The Honorable Michael G. Gotsch, Judge
Cause No. 71C01-0103-DR-194

**September 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Todd J. Posar (Father) and Paula M. Posar (Mother) were divorced in 2002 and, since that time, have frequently litigated matters concerning child support and college expenses for their two daughters, Lauren and Alexandra. Father now appeals the post-dissolution court's order granting Mother's Indiana Trial Rule 60(B) motion for relief from judgment pertaining to the post-dissolution court's November 18, 2008 order establishing Father's college expense arrearage as of that date.

We reverse and remand with instructions.

This case arises out of Father's long history of failing to satisfy his financial obligations to his two daughters. Mother and Father divorced in 2002, and Lauren started college in the fall of 2005. Mother filed a petition for an educational expense order on August 17, 2005, and the post-dissolution court subsequently ordered Father to pay $4,000.00 toward his share of Lauren's first semester expenses, which Father did not do. On January 5, 2006, Mother filed a second petition seeking educational expenses for Lauren's second semester of college. Following a hearing, the post-dissolution court ordered Father to pay an additional $2,551.55 for Lauren's second semester, resulting in an unpaid balance of $6,551.55 to be paid to Mother on or before January 19, 2006.

When Father did not make the court-ordered payment, Mother filed a motion for rule to show cause. The post-dissolution court subsequently found Father in contempt and ordered the imposition of a thirty-day jail sentence if payment was not made by February 11, 2006. Father did not make payment as ordered, but he was apparently not ordered to serve the suspended sentence. Then, in March of 2006, at a hearing on Father's petition to modify child support, the parties informed the post-dissolution court that they had reached an

2

agreement concerning college expenses for their daughters. The post-dissolution court subsequently entered an agreed order providing that Father would pay twenty percent of the educational expenses of a four-year undergraduate degree for each daughter.

Thereafter, Father failed to pay child support and college expenses as ordered, and on September 22, 2006, Mother filed another motion for rule to show cause. On February 20, 2007, the post-dissolution court entered an order finding Father in arrears in the amount of $1,912 on his child support obligation and that he owed Mother $1,552 for Lauren's spring 2007 semester of college.[1] Father was ordered to pay those amounts by April 13, 2007, but he failed to do so, and Mother filed another motion for rule to show cause. On June 15, 2007, Father was held in contempt and ordered to serve thirty days in jail unless he paid Mother the sum of $3,500. Father was apparently incarcerated before finally paying the $3,500 purge amount, and that sum was applied to his child support arrearage rather than his college expense arrearage.

Meanwhile, the parties' younger daughter, Alexandra, started college in the fall of 2007. Father failed yet again to make child support and college expense payments as ordered, and Mother filed another motion for rule to show cause on August 23, 2007. After a hearing, the post-dissolution court issued an order finding Father to be in arrears on his college expenses and child support obligations in the respective amounts of $3,908 and $4,378.00. This order did not specify the semester or semesters to which it applied, nor did it

---

[1] It appears that there was no order entered addressing expenses for Lauren's fall 2006 semester.

specify whether it applied to one or both daughters. Father filed an objection to this expense arrearage calculation within the time allotted by the order.

On November 5, 2008, Mother filed yet another motion for rule to show cause alleging that Father had not paid child support and college expenses as ordered. A hearing was held on November 18, 2008, at which Mother appeared in person with counsel and Father failed to appear. At the hearing, Mother's counsel stated that he would "like the record to show that [Father] still owes $11,566 for his share of the college expenses for his two daughters." *Transcript of November 18, 2008 Hearing* at 2.[2] At the conclusion of the hearing, the post-dissolution court stated that "there is an arrearage on college expenses in the sum of $11,566 as of this date[.]" *Id.* On the same date, the post-dissolution court entered an order requiring Father to make payments toward his share of his daughters' college expenses, "which now totals $11,566." *Appellant's Appendix* at 74.

Over two years later, on December 23, 2010, Mother filed another motion for rule to show cause based on Father's failure to pay child support and college expenses, this time without the assistance of counsel. Hearing on the motion was continued several times, and at a hearing on July 19, 2011, the post-dissolution court deferred further hearing on the issue of educational expenses and directed Mother to seek legal counsel. On October 3, 2011, Mother, through counsel, filed a motion seeking the entry of a *nunc pro tunc* order to amend the November 18, 2008 order to reflect that "the $11,566.00 was for [Father's] share of expenses that had been billed to the petitioner and the children up to that point in time and

---

[2] The court reporter in this case prepared separately paginated transcripts of each relevant hearing.

4

not that it was the total owed as of November 18, 2008[.]" *Appellant's Appendix* at 53. A hearing was held on the motion on November 15, 2011, at the conclusion of which the post-dissolution court denied Mother's request for a *nunc pro tunc* order and gave Mother thirty days to amend her request to a motion for relief from judgment under T.R. 60(B).

On December 9, 2011, Mother filed her motion for relief from judgment under T.R. 60(B)(8). At a hearing on the motion, Mother argued that the $11,566 figure actually only represented the college expenses incurred for both girls from the time Alexandra started college in the fall semester of 2007 until the fall semester of 2008, and that Father's outstanding college expense arrearages for previous semesters were erroneously excluded from the post-dissolution court's calculation of Father's total arrearage as of November 18, 2008. Father argued that Mother's contentions amounted to an allegation of mistake and that relief under T.R. 60(B)(8) was therefore unavailable. On December 27, 2011, the post-dissolution court granted Mother's motion for relief from judgment. This appeal ensued.

Trial Rule 60(B) provides a mechanism by which a party may obtain relief from the entry of a final judgment. *Laflamme v. Goodwin*, 911 N.E.2d 660 (Ind. Ct. App. 2009). "A motion made under T.R. 60(B) is addressed to the equitable discretion of the trial court, and we will reverse only upon an abuse of that discretion." *Brimhall v. Brewster*, 864 N.E.2d 1148, 1152-53 (Ind. Ct. App. 2007), *trans. denied*. An abuse of discretion occurs when the judgment is clearly against the logic and effect of the facts and inferences supporting the judgment. *Breneman v. Slusher*, 768 N.E.2d 451 (Ind. Ct. App. 2002), *trans. denied*. The movant bears the burden of establishing grounds for relief under T.R. 60(B). *Brimhall v. Brewster*, 864 N.E.2d 1148.

5

Because more than one year had passed since the post-dissolution court's entry of the November 18, 2008 order, Mother could not seek relief under T.R.(B)(1)-(4). Mother therefore filed her motion pursuant to T.R. 60(B)(8), which allows a trial court to set aside a judgment within a reasonable time for any reason justifying relief, "other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." A trial court may invoke its residual powers under subsection (8) only upon a showing of "exceptional circumstances justifying extraordinary relief." *Brimhall v. Brewster*, 864 N.E.2d at 1153. Exceptional circumstances do not include mistake, surprise, or excusable neglect, which are set out in T.R. 60(B)(1). *Id.* Additionally, a party seeking relief under T.R. 60(B)(8) "must allege a meritorious claim or defense." T.R. 60(B).

Father does not dispute that Mother filed her T.R. 60(B)(8) motion for relief from judgment within a reasonable time or that Mother has set forth a meritorious claim or defense. Thus, the only issue presented for our consideration is whether Mother established the requisite exceptional circumstances justifying relief. Father argues that Mother has not established exceptional circumstances because her arguments boil down to assertions of mistake or excusable neglect. Under the facts and circumstances presented here, we are constrained to agree.

At the November 18, 2008 hearing, Mother's counsel stated that Father had "never paid his share of the college expenses, or paid very little, so I'd like the record to show that he owes $11,566 for his share of the college expenses for his daughters." *Transcript of November 18, 2008 Hearing* at 2. On direct examination by her counsel, Mother testified as follows:

6

Q: Paula, you and I went over the history of the college expense payments.
A: Uh-huh (affirmative).
Q: In fact, you've got records from both of the colleges that your daughters go to, St. Mary's and Butler, and we've totaled up all of the out-of-pocket expenses—
A: Correct.
Q: --and you and Dr. Posar reached an agreement several years ago that his share would be 20 percent of those out-of-pocket expenses.
A: Right.
Q: When we added up his 20 percent, it came out to be $11,566.00—
A: Correct.

*Id.* at 3-4. Based on these representations by Mother and her counsel, the post-dissolution court found that Father's college expense arrearage totaled $11,566 as of the date of the hearing and entered an order to that effect.

Mother now argues that the $11,566 figure did not actually represent Father's total college expense arrearage; rather, Mother contends that the amount only represented the amount that Father owed in college expenses for both girls since Alexandra started college in the fall of 2007. Mother argues that "[t]he state of the record of the orders entered in this case demonstrated an exceptional circumstance which warranted granting [Mother's] motion for relief." *Appellee's Brief* at 12. Specifically, Mother argues that the post-dissolution court had previously entered orders setting Father's college expense arrearages on a semester-by-semester basis, and that she therefore believed that the November 18, 2008 hearing was only to address the college expenses for both daughters from the date Alexandra started college forward, i.e. the fall 2007 semester through the fall 2008 semester. Mother also seems to suggest that the long and convoluted history of this case, specifically as it relates to her efforts to obtain college expense payments from Father, contributed to her confusion.

We do not doubt that the history of this case could lead to confusion, but Mother's

7

argument in this regard amounts to an assertion of mistake, surprise, or excusable neglect under T.R. 60(B)(1). Because Mother filed her motion for relief from judgment over two years after the entry of the November 18, 2008 order, any claim based on mistake, surprise, or excusable neglect was barred by the one-year time limit under T.R. 60(B)(1). Mother cannot now circumvent the time limitation imposed by T.R. 60(B)(1) by attempting to rely on T.R. 60(B)(8). *See Brimhall v. Brewster*, 864 N.E.2d 1148 (noting that a party seeking relief under T.R. 60(B)(8) must establish that its failure to act was not merely due to an omission involving mistake, surprise, or excusable neglect); *Summit Account & Computer Serv. v. Hodge*, 608 N.E.2d 1003, 1006 (Ind. Ct. App. 1993) (noting that relief under T.R. 60(B)(8) "is not available if the grounds for relief properly belong in another of the enumerated subdivisions of T.R. 60(B)").

Mother also attempts to shift responsibility for the error to the post-dissolution court by noting that in her testimony at the November 18, 2008 hearing, she did not specify the time period to which her calculation of $11,566 applied because she was never asked that particular question. Mother's argument is unavailing. Regardless of the subjective intention behind Mother's testimony at the November 18, 2008 hearing, she indicated that she had gone over the "history of the college expense payments," that she and her attorney had "totaled up all of the out-of-pocket expenses," and that Father's twenty percent share came out to $11,566. *Transcript of November 18, 2009 Hearing* at 3-4. This testimony gave the post-dissolution court no indication that the figure represented only a portion of Father's share of college expenses. The burden was on Mother, as the party seeking relief, to set forth her claims with sufficient clarity. It was Mother's testimony that led the court to conclude

8

that Father's total arrearage for college expenses was $11,566, and any inaccuracy in the resulting order was caused by Mother's mistake in calculating that figure or her neglect in failing to specify that the amount only represented a portion of Father's college expense arrearage.

Moreover, T.R. 60(B) is meant to afford relief from circumstances which could not have been discovered during the period a motion to correct error could have been filed. *Ind. Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d 276 (Ind. Ct. App. 2000), *trans. denied*; *see also Hoosier Health Sys. v. St. Francis Hosp. & Health Ctrs.*, 796 N.E.2d 383 (Ind. Ct. App. 2003). Mother has not explained why the basis for her T.R. 60(B) motion could not have been discovered during the period a motion to correct error could have been filed. To the contrary, if the alleged error was the result of a simple miscommunication between Mother and the post-dissolution court as to the time period the $11,566 figure covered as opposed to a mathematical error on Mother's part, the problem should have been immediately apparent to Mother upon the issuance of the November 18, 2008 order finding that Father's total arrearage as of that date was $11,566.

We are cognizant of the equities in this case, but under the facts and circumstances presented here, we must conclude that Mother has failed to demonstrate exceptional circumstances as required by T.R. 60(B)(8) and that the post-dissolution court's grant of relief was an abuse of discretion. We therefore reverse and remand this matter with instructions to the post-dissolution court to vacate its December 27, 2011 order granting Mother's motion for relief from judgment. We note that this opinion has no effect on the calculation of Father's college expense obligations from November 19, 2008 forward.

9

Judgment reversed and remanded with instructions.

BROWN, J., and DARDEN, Senior Judge, concur.