## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 09 2016, 9:02 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Adam J. Sedia
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

ATTORNEYS FOR APPELLEE

Mark L. Phillips
Anthony G. Novak
LaPorte, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Selah Academy, Inc., Aquanatte Ruffin, and Lawrence Ruffin, *Appellants-Defendants,* v. Jackqueline Jones, *Appellee-Plaintiff.* | March 9, 2016 Court of Appeals Case No. 46A04-1508-PL-1186 Appeal from the LaPorte Superior Court The Honorable Jeffrey L. Thorne, Judge The Honorable V. Michael Drayton, Pro Tem Trial Court Cause No. 46D03-1412-PL-2158 |

**Altice, Judge.**

## Case Summary

[1] Selah Academy, Inc. (Selah) and one of its two principal officers, Aquanatte Ruffin (Aquanatte), (collectively, the Defendants) appeal from the trial court's denial of their motion to set aside a default judgment entered against them pursuant to Ind. Trial Rule 60(B). The Defendants present one issue for our review: Did the trial court abuse its discretion in denying their motion to set aside the default judgment?

[2] We affirm.

## Facts & Procedural History

[3] On March 14, 2006, Lawrence Ruffin (Lawrence) and Aquanatte organized Selah, an Indiana non-profit corporation that provides rehabilitative services to children with behavioral problems. At all times, Lawrence served as Selah's President and CEO and Aquanatte served as its Vice President. On November 1, 2012, Jackqueline Jones was hired as a program coordinator for Selah, and she continued in that role until her resignation on January 21, 2014.

[4] On December 15, 2014, Jones filed a complaint against the Defendants and Lawrence, seeking to recover for unpaid wages, overtime compensation, and other related damages.[1] After the Defendants and Lawrence were served with the complaint, Lawrence asserts that he and Aquanatte agreed that Lawrence would seek legal advice from Attorney Robert Lewis (Attorney Lewis).

---

[1] Jones sought recovery under Indiana's Wage Payment Statute and the federal Fair Labor Standards Act.

Lawrence asserts that Attorney Lewis advised him to file a chronological case summary (CCS) form denying the claims asserted by Jones.

[5] On January 9, 2015, Lawrence went to the La Porte County Clerk's office and, in accordance with Attorney Lewis's advice, filed a handwritten CCS form stating, "I want to dispute this case and set for hearing." *Appellants' Appendix* at 28. Lawrence signed the CCS form in his own name. It was Lawrence's understanding that such filing sufficed as a response to Jones's complaint on behalf of himself and the Defendants. The trial court set a hearing for February 27, 2015, and ordered all parties to appear.

[6] On February 19, 2015, Jones filed a motion for default judgment against the Defendants. Jones did not request entry of default judgment against Lawrence, indicating in her motion that "Lawrence is the only one to have appeared, plead, or otherwise defend [sic] himself in this action." *Appellee's Appendix* at 2. Two days before the scheduled hearing, Lawrence filed a request to reset the hearing, claiming additional time was needed to prepare.[2] The trial court denied Lawrence's request and ordered all parties to appear in person or by counsel at the February 27 hearing. Notice was sent to Lawrence and the Defendants. The Defendants, however, failed to appear. After the hearing, the

---

[2] Lawrence's handwritten CCS form stated, "I want to reset the hearing due to needing more documentation for the hearing." *Appellee's Appendix* at 7. The form was signed only by Lawrence.

trial court entered an order granting default judgment against the Aquanatte and Selah and in favor of Jones.

[7] On March 23, 2015, Jones moved for proceedings supplemental. The trial court ordered the Defendants to appear before the court on April 15, 2015. Neither showed. On April 24, 2015, Jones filed a Motion for Rule to Show Cause. The trial court ordered the Defendants to appear for a hearing on Jones's motion on June 22, 2015, and service on the Defendants was perfected by the Lake County Sheriff's Department on April 30. On May 19, 2015, an attorney entered an appearance on behalf of the Defendants and filed a motion to set aside the default judgment and to stay the proceedings supplemental.[3] Over Jones's objection, the trial court stayed the proceedings supplemental, vacated the hearing on rule to show cause, and set a hearing on the Defendants' motion to set aside judgment for July 13, 2015. The Defendants were present before the court for that hearing. On July 28, 2015, the trial court entered its order denying the Defendants' motion to set aside judgment. The Defendants then filed a motion to correct error, which the trial court denied. This appeal ensued.

**Discussion & Decision**

---

[3] The motion to set aside default judgment was also made on behalf of Lawrence. However, as noted by the trial court, default judgment was never entered against Lawrence.

The Defendants argue that the trial court abused its discretion in denying their motion to set aside judgment pursuant to Ind. Trial Rule 60(B)(1) and (8). The Defendants maintain that they "acted with reasonable promptness and diligence" in contesting Jones's claim. *Appellants' Appendix* at 10. They further argue that they reasonably relied upon "defective legal advice," which they assert constitutes a mistake justifying an order setting aside the default judgment entered against them. *Id.* at 1.

In *Huntington Nat'l Bank v. Car-X Ass'n Corp.*, our Supreme Court set forth the standard governing a trial court's decision to set aside a default judgment.

> The decision whether to set aside a default judgment is given substantial deference on appeal. Our standard of review is limited to determining whether the trial court abused its discretion. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. . . . The trial court's discretion is necessarily broad in this area because any determination of excusable neglect, surprise, or mistake must turn upon the unique factual background of each case . . . . A cautious approach to the grant of motions for default judgment is warranted in "cases involving material issues of fact, substantial amounts of money, or weighty policy determinations." In addition, the trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. Furthermore, reviewing the decision of the trial court, we will not reweigh the evidence or substitute our judgment for that of the trial court. Upon a motion for relief from a default judgment, the burden is on the movant to show sufficient grounds for relief under Indiana Trial Rule 60(B).

39 N.E.3d 652, 655 (Ind. 2015) (quoting *Kmart Corp. v. Englebright*, 719 N.E.2d 1249, 1253 (Ind. Ct. App. 1999)) (internal citations omitted).

[10] We first consider application of T.R. 60(B)(1). A motion to set aside a judgment pursuant to T.R. 60(B)(1) does not attack the substantive, legal merits of a judgment, but rather addresses the procedural, equitable grounds justifying relief from the finality of a judgment. *Blichert v. Brososky*, 436 N.E.2d 1165, 1167 (Ind. Ct. App. 1982). To prevail on a motion to set aside a default judgment based on mistake, surprise, or excusable neglect, a party is not only required to show mistake, surprise, or excusable neglect, but also must show that he has a good and meritorious defense to the cause of action. *Burke v. DeLarosa*, 661 N.E.2d 43, 45 (Ind. Ct. App. 1996), *trans. denied*.

[11] After the Defendants and Lawrence were served with Jones's complaint, Lawrence apparently took the complaint and summons for each named defendant to Attorney Lewis, who Lawrence asserted was an attorney who represented him in another matter. According to Lawrence, Attorney Lewis advised him that he needed to file a CCS form with the court denying all of Jones's claims. Lawrence did just that, believing that he was undertaking such action on behalf of all named defendants, i.e., himself, Aquanatte, and Selah. The Defendants now characterize Attorney Lewis's advice to Lawrence as "defective legal advice" and argue that their reliance on that advice constitutes a mistake on their part. *Appellants' Appendix* at 1.

[12]    In rejecting the Defendants' asserted grounds for setting aside the default judgment, the trial court noted that the Defendants were inconsistent in identifying Attorney Lewis's relationship to them in terms of establishing whether the purported legal advice he gave was directed to them. The court noted that in their initial pleadings, Attorney Lewis is identified as Lawrence's attorney in another matter. During the hearing on Defendants' motion, counsel for the Defendants identified Attorney Lewis as Lawrence's divorce attorney. The day following the hearing, Lawrence and Aquanatte submitted supplemental affidavits to the court in which they "now" identified Attorney Lewis as corporate counsel for Selah who often provided legal advice to Aquanatte with respect to matters relating to Selah. *Id.* at 10. The trial court found it "disconcerting" that the evidence seemed to change "to go with what direction the wind is blowing." *Id.* The trial court found that even if Attorney Lewis had given poor legal advice, the Defendants had not established that that he was representing their interests[4] and thus, reliance on his legal advice could not constitute a mistake or excusable neglect on their part.

[13]    The trial court set forth additional reasons for rejecting the Defendants' arguments that the default judgment should be set aside on the basis of mistake, surprise, or excusable neglect, noting that the Defendants failed to appear for the hearing on Jones's motion for default judgment, even after having been

---

[4] The trial court also noted that Attorney Lewis never entered his appearance on behalf of the Defendants in this matter.

ordered twice to do so. The Defendants also failed to appear a third time for a proceeding supplemental hearing. It was not until five months after Jones's complaint was filed and after the trial court ordered the Defendants to appear for a rule to show cause hearing that an attorney entered an appearance on behalf of the Defendants. The trial court noted that the Defendants never attempted to explain why they failed to comply with the court's orders to appear for the various hearings, nor did they allege that their failure to appear at those hearings was based upon "poor legal advice." *Id*. at 11. The trial court also considered the fact that Lawrence's CCS entry purported to be only on his behalf. Specifically, the court noted that Lawrence's entry stated, "I want to dispute this case," not "we" want to dispute this case. *Id*. at 11. Based on the foregoing, the court concluded that the Defendants simply "ignored the default judgment and did nothing." *Id*. at 12.

[14] The trial court further concluded that to the extent the Defendants could rely on any legal advice given by Attorney Lewis, such did not warrant setting aside the default judgment. To be sure, "[t]he general rule has been long and firmly established that the negligence of the attorney is the negligence of the client and relief from a judgment taken by default will not be granted unless the negligence of the attorney is shown to be excusable." *Moe v. Koe*, 330 N.E.2d 761, 765 (Ind. Ct. App. 1975). The trial court stated that it was "not persuaded that a 'mistake' nor 'surprise' not even 'excusable neglect' as required by T.R. 60(B) occurred in this case." *Id*. at 15. Upon review, we find that the record supports the trial court's findings and conclusions. We therefore cannot say the trial

court abused its discretion in refusing to set aside the default judgment under T.R. 60(B)(1).

[15] The Defendants also argue that the trial court should have exercised its equitable power and granted their request to set aside the default judgment pursuant to T.R. 60(B)(8). Under that provision, a trial court may act within its discretion to set aside a judgment upon a showing of exceptional circumstances justifying extraordinary relief. *See Brimhall v. Brewster*, 864 N.E.2d 1148, 1153 (Ind. Ct. App. 2007), *trans. denied*.

> [Trial Rule] 60(B)(8) is an omnibus provision which gives broad equitable power to the trial court in the exercise of its discretion and imposes a time limit based only on reasonableness. Nevertheless, under T.R. 60(B)(8), the party seeking relief from the judgment must show that its failure to act was not merely due to an omission involving . . . mistake, surprise or excusable neglect. Rather some extraordinary circumstances must be demonstrated affirmatively. This circumstance must be other than those circumstances enumerated in the preceding subsections of T.R. 60(B).

*Id*. (quoting *Ind. Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d 276, 279-80 (Ind. Ct. App. 2000), *trans. denied* (internal quotation omitted)). The Defendants' arguments under this provision are the same as their arguments under T.R. 60(B)(1), i.e., that their reliance on poor legal advice justifies setting aside the default judgment entered against them. The trial court found that these are not extraordinary circumstances falling within the parameters of T.R. 60(B)(8) so as to justify relief from operation of the judgment herein. We conclude that the

facts contained in the record before us support the trial court's conclusion in this regard.

[16] Having concluded that the Defendants have not established mistake, surprise, or excusable neglect or other extraordinary circumstances justifying relief, we need not consider whether they have a meritorious defense. *See Moe*, at 764 (noting that a party seeking to set aside a judgment must show both that the judgment entered was a result of mistake, surprise, or excusable neglect and that there is a meritorious defense to the claim).

Judgment affirmed.

Robb, J. and Barnes, J., concur.