# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 08 2016, 9:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

**ATTORNEY FOR APPELLANTS**

Andrew J. Thompson
Indianapolis, Indiana

**ATTORNEYS FOR APPELLEE**

Kurt V. Laker
Mark S. Gray
Doyle & Foutty, PC
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph Matly and Rima A. Matly, <br><br> *Appellants-Defendants,* <br><br> v. <br><br> Citimortgage, Inc., <br><br> *Appellee-Plaintiff.* | December 8, 2016 <br><br> Court of Appeals Case No. 29A04-1608-MF-1761 <br><br> Appeal from the Hamilton Circuit Court <br><br> The Honorable Paul Felix, Judge <br><br> Cause No. 29C01-1307-MF-7147 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellants-Defendants, Joseph Matly and Rima A. Matly (collectively, the Matlys), appeal the trial court's denial of their motion for relief from summary judgment, by which the trial court affirmed the judgment and decree of foreclosure in favor of Appellee-Plaintiff, CitiMortgage, Inc. (CitiMortgage).

We affirm.

## ISSUES

The Matlys raise two issues on appeal, which we restate as:

    (1) Whether the trial court properly permitted CitiMortgage to file a subsequent motion for summary judgment; and

    (2) Whether the trial court correctly denied the Matlys' motion for relief from judgment and upheld the summary judgment and decree of foreclosure.

## FACTS AND PROCEDURAL HISTORY

On March 31, 2004, the Matlys executed and delivered to ABN AMRO Mortgage Group, Inc. a promissory note in the original principal sum of $731,250, payable with interest at 5.500% per annum. On the same date, to secure payment of the sum due and owing pursuant to the terms of the promissory note, the Matlys executed a mortgage wherein a security interest was granted in the real estate located at 3584 Windward Way, in Hamilton

County, Indiana. On August 31, 2007, ABN AMRO Mortgage Group, Inc. merged with CitiMortgage.

[5] On June 24, 2011, CitiMortgage and the Matlys executed a Home Affordable Modification Agreement, by which the parties agreed to defer $17,980.12 in accrued unpaid interest and to lower the interest rate to 2.00% for five years, adjustable upward thereafter but capped at 4.50%. The Matlys stopped making payments to CitiMortgage after June 24, 2011.

[6] On August 6, 2013, CitiMortgage filed a Complaint to foreclose on the promissory note and mortgage. On August 19, 2013, the Matlys requested a Settlement Conference. For an extended time, the parties engaged in the statutory settlement and loss mitigation process; however, on March 31, 2015, the trial court entered an order, concluding the settlement conference process. On April 13, 2015, CitiMortgage filed a motion for summary judgment, as well as a designation of evidence in support thereof. On May 26, 2015, the Matlys filed a response to CitiMortgage's motion and moved to strike CitiMortgage's affidavit of debt and designation of evidence. On June 16, 2015, the trial court denied both the Matlys' motion to strike and CitiMortgage's motion for summary judgment. On June 10, 2015, CitiMortgage filed a motion to reconsider the denial of its motion for summary judgment. By "Judge's Entry" of August 17, 2015, the trial court denied CitiMortgage's motion to reconsider but allowed it to "file [a] new motion for summary judgment." (Appellee's App. p. 34). On August 21, 2015, CitiMortgage filed a second motion for

summary judgment, default judgment and decree of foreclosure, which was again denied by the trial court on August 26, 2015.

[7] On February 23, 2016, CitiMortgage filed a third motion for summary judgment and default judgment entry and decree of foreclosure, as well as a memorandum of law and supporting affidavits. The Matlys did not respond. On April 13, 2016, the trial court granted CitiMortgage's motion and entered summary judgment, default judgment, and decree of foreclosure against the Matlys.

[8] On April 25, 2016, CitiMortgage filed a praecipe for order of sale. The sheriff's foreclosure sale of the real estate was set for July 14, 2016. On July 6, 2016, the Matlys filed an emergency motion for relief from summary judgment and for stay of sheriff's sale. On July 13, 2016, the trial court denied the Matlys' emergency motion and stay of sheriff's sale. At the sheriff's sale, the mortgaged property was purchased by CitiMortgage.

[9] The Matlys now appeal. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Subsequent Motions for Summary Judgment*

[10] The Matlys contend that the trial court erred by entering summary judgment in favor of CitiMortgage. Referencing CitiMortgage's previous motions for summary judgment which were denied by the trial court, the Matlys now

maintain that the trial court's earlier denials precluded or collaterally estopped CitiMortgage from seeking summary judgment in February 2016.

[11]  On April 13, 2015, CitiMortgage filed its initial motion for summary judgment, as well as a designation of evidence in support thereof, which the Matlys responded to on May 26, 2015. On the same day, the Matlys also moved to strike CitiMortgage's affidavit of debt and designation of evidence. On June 16, 2015, the trial court issued its ruling, concluding:

> 1. The [c]ourt DENIES [Matlys'] Motion to Strike Affidavit and Designations of Evidence as untimely.
>
> 2. After a review of the file, the [c]ourt finds [CitiMortgage] has failed to provide properly designated evidence in compliance with Trial Rule 56. The [c]ourt is guided in this decision by Seth v. Midland Funding, LLC., 997 N.E.2d 1139, 1142-43 (Ind. Ct. App. 2013), which holds in relevant part that unspecified business records relied on in support of summary judgment must be attached to the affidavit. The [a]ffidavit in support of summary judgment relies on unspecified business records which are not attached to the affidavit or otherwise authenticated on record before the [c]ourt. As no evidence supports the judgment sought by [CitiMortgage], the motion for summary judgment is DENIED.

(Appellee's App. p. 33). The trial court did not direct the entry of a final judgment.

[12]  On June 10, 2015, CitiMortgage filed a motion to reconsider the denial of its motion for summary judgment. By "Judge's Entry" of August 17, 2015, the trial court denied CitiMortgage's motion to reconsider but allowed it to "file [a] new motion for summary judgment." (Appellee's App. p. 34). On August 21, 2015, CitiMortgage filed a second motion for summary judgment, default

judgment and decree of foreclosure, which was again denied by the trial court on August 26, 2015.

[13] On February 23, 2016, CitiMortgage filed a third motion for summary judgment and default judgment entry and decree of foreclosure, as well as a memorandum of law and supporting affidavits. On April 13, 2016, the trial court granted CitiMortgage's motion and entered summary judgment, default judgment, and decree of foreclosure against the Matlys. On appeal, the Matlys now dispute the entry of this summary judgment based on res judicata.

[14] It is generally accepted that res judicata serves to prevent repetitious litigation of disputes which are essentially the same. *MicroVote General Corp. v. Ind. Election Comm'n*, 924 N.E.2d 184, 191 (Ind. Ct. App. 2010). The doctrine of res judicata consists of two distinct components: claim preclusion and issue preclusion, also referred to as collateral estoppel. *See Indianapolis Downs, LLC v. Herr*, 834 N.E.2d 699, 703 (Ind. Ct. App. 2005), *trans. denied*. Even though these are two distinct components, claim preclusion and collateral estoppel both require a decision on the merits before the doctrine can attach. *See id.* at 703, 704 (for claim preclusion to apply, "the former judgment must have been rendered on the merits" and in the case of collateral estoppel, "the former adjudication will only be conclusive as to those issues that were actually litigated and determined therein"). As the trial court did not adjudicate the merits of CitiMortgage's motion for summary judgment, CitiMortgage was not precluded from renewing its motion for summary judgment.

Furthermore, in *Gibson v. Evansville Vanderburgh Bldg. Comm'n*, 725 N.E.2d 949, 952 (Ind. Ct. App. 2000), *trans. denied*, this court noted that

> [T]he trial court has inherent power to reconsider any of its previous rulings as long as the action remains in fieri, or until judgment is entered. There is no dispute that this action was in fieri at the time the motions for summary judgment were filed. Thus, the trial judge had discretion to rule on the defendants' summary judgment motions, even if they were repetitive[.]

As no final decision had been rendered by the trial court on the issue presented by the initial summary judgment motions, we conclude that the trial court properly allowed CitiMortgage to file a new motion for summary judgment.[1]

## II. *Motion for Relief from Judgment*

Next, the Matlys contend that "the trial court clearly abused its discretion by ignoring its own poor rulings in the case and rejecting [the Matlys'] request for relief from the judgment in light of the fact that it had turned away three previous motions on the part of [CitiMortgage] asserting precisely the same

---

[1] CitiMortgage devotes a large part of its Appellee's Brief on the designated affidavit testimony and the mitigation of damages. However, our reading of Appellants' brief indicates that they only raised the res judicata question in their first issue. The Matlys commenced the issue by laying out their trial court argument, *i.e.*, loan modification, insufficient evidence, and mitigation of damages. They concluded this recitation with "[t]hese arguments prevailed in the trial court on three separate occasions[]" and then started their res judicata claim. (Appellee's Br. p. 11). Our reading is supported by Appellants' heading "[t]he trial court erred in granting summary judgment to plaintiff contrary to its earlier decision denying summary judgment to plaintiff," and their Statement of the Issues. (Appellant's Br. p. 8). We hasten to point out that, unfortunately, we cannot verify this against the Matlys' Response to CitiMortgage's motion for summary judgment as the Matlys' response was not provided to this court. Contrary to Indiana Rule of Appellate Procedure 49, Appellants did not file an appendix with this court.

facts and evidence as it did on the motion for summary judgment that was ultimately granted by the trial court." (Appellant's Br. p. 12).

[17] Without specifying in their appellate brief on which prong of Indiana Trial Rule 60(B) they rely to support their request, we turn to the Matlys' amended emergency motion for relief from summary judgment and for stay of sheriff's sale filed before the trial court on July 12, 2016. In their motion, the Matlys assert "exigency of the circumstances and the irreparability of the harm that will occur to [the Matlys]" by going forward with the sheriff's sale. (Appellee's App. p. 153). Their legal basis for relief appears to be a reiteration of their first appellate issue, *i.e.,* the denial of CitiMortgage's initial motion for summary judgment should have precluded any subsequent motion. Read as a whole, we will characterize the Matlys' argument as a request for relief based on exceptional circumstances pursuant to T.R. 60(B)(8).

[18] A motion made under T.R. 60(B) is addressed to the equitable discretion of the trial court, and we will reverse only upon an abuse of that discretion. *Brimhall v. Brewster*, 864 N.E.2d 1148, 1152-53 (Ind. Ct. App. 2007), *trans. denied*. When the trial court's action is clearly erroneous, an abuse of discretion will be found. *Id*. at 1153. Indiana Trial Rule 60(B)(8) allows a trial court to set aside a judgment within a reasonable time for any reason justifying relief "other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." *Id*. The trial court's residual powers under subsection (8) may only be invoked upon a showing of exceptional circumstances justifying extraordinary relief. *Id*. Among other things, exceptional circumstances do not include mistake,

surprise, or excusable neglect, which are set out in T.R. 60(B)(1). *Id.* In this respect, we have distinguished T.R. 60(B)(8) in the past on the following grounds:

> T.R. 60(B)(8) is an omnibus provision which gives broad equitable power to the trial court in the exercise of its discretion and imposes a time limit based only on reasonableness. Nevertheless, under T.R. 60(B)(8), the party seeking relief from the judgment must show that its failure to act was not merely due to an omission involving the mistake, surprise or excusable neglect. Rather some extraordinary circumstances must be demonstrated affirmatively. This circumstances must be other than those circumstances enumerated in the preceding subsections of T.R. 60(B).

*Baker & Daniels, LLP v. Coachmen Industries, Inc.*, 924 N.E.2d 130, 140 (Ind. Ct. App. 2010), *trans. denied.* In addition to showing circumstances extraordinary enough to justify relief, the Matlys also must make a prima facie showing of a meritorious claim. *See id.* at 141. In making such showing, the Matlys are required to present evidence that, if credited, demonstrates that a different result would be reached if the case were retried on the merits and that it is unjust to allow the judgment to stand. *See id.*

[19] At no point did the Matlys contest CitiMortgage's allegations of default on the promissory note and mortgage. The evidentiary allegations raised after CitiMortgage's initial motion for summary judgment and acknowledged by the trial court in its denial of CitiMortgage's initial motion, were cured with the filing of CitiMortgage's latest—and successful—motion for summary judgment. The Matlys did not respond to this motion for summary judgment until after judgment was entered and until eight days before the scheduled sheriff's sale

was to take place. Accordingly, we agree with CitiMortgage that the emergency the Matlys now complain of is of their own making. The Matlys did not offer any evidence—let alone any substantive evidence—which would change the outcome of the case. We affirm the trial court's denial of the Matlys' motion for relief from judgment.

## CONCLUSION

[20] Based on the foregoing, we conclude that the trial court properly permitted CitiMortgage to file a subsequent motion for summary judgment; and the trial court correctly denied the Matlys' motion for relief from judgment.

[21] Affirmed.

[22] Crone, J. and Altice, J. concur